THE PEORIA MARINE AND FIRE INSURANCE COMPANY, Appellants, *vs.* SUSAN WILSON, Respondent.

#### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A policy of Insurance contained the following condition : "Where property insured in this Company is damaged, by removal from a building in which it is exposed to fire, said damage shall be borne by the insured and insurers in such proportion as the whole sum insured bears to the whole value of the property insured, of which proof in due form shall be made by the claimant." A portion of the property insured was wholly destroyed by fire, and another portion damaged by removal. Action to recover all the damage sustained. The Court instructed the Jury "That the sum insured being $2,500, and the value of the goods being estimated in the policy at $5,000, the damage occasioned by the removal of the goods, (if any) must be borne in the following proportions, under the condition above quoted. "The Plaintiff must bear one third of the loss, and the Defendant two-thirds." *Held* to be error. The condition means that the damage occasioned by the removal of the property, shall be borne by the parties according to their respective interests or risks, the share of either bearing the same proportion to the whole damage, that his interest in the property or risk bears to the whole value.

Points and authorities of Appellant:

*First.*—The Court erred in instructing the jury—

"That the sum insured being $2,500 and the value of the goods being estimated in the Policy at $5,000, the damages occasioned by removal of the goods (if any) must be borne in

7

the following proportion under the fifteenth condition of the Policy, to wit:

"The Plaintiff must bear one-third of such damage, and the Defendant two-thirds."

1. Because the sum inserted in the Policy is not the criterion of the whole value of the property insured; but that value must be determined from the proofs of the claimant which in this case show that the value of the property insured was $7,485.52. *See* 15*th condition of the Policy; 2 Phillips on Insurance, p.* 18, *Sec.* 1203.

2. That if the whole value of the goods insured was $5,000, (as assumed) and the sum insured being $2,500, under the fifteenth condition of the Policy, the Plaintiff must bear one-half of the loss occasioned by removal, and the Defendant one-half, contrary to the rule adopted by the Court below.

The principles of insurance are well fixed that in the case of partial loss of goods by removal, that the damages to be borne by the insurer and insured, shall be in the same proportion as their interest.

3. In any event the amount of goods claimed to have been totally lost being $473.58, should have been first deducted from the whole value of the goods insured, before averaging the proportion each party must bear of the loss, otherwise and under the ruling of the Court below, the Defendant is first compelled to pay the whole amount of the goods lost, and they pay again their average proportion of the loss by removal upon the same amount.

The whole value of the stock is, of course, lessened by the total loss of a portion of the goods, therefore the total loss ($473.58) should be deducted from the original valuation of the goods, whether we consider the same $5,000 or $7,485.52.

4. The proofs show that the value of the whole amount of the property insured was at the time of the loss $7,485.52. Under the fifteenth condition of the Policy, the insurers take the risk of the damage by removal, upon $2,500 of that amount, the insured retaining the same risk herself upon the balance of the property, being $4,985.52, therefore the damage by removal should be averaged upon the whole amount of the property, and the insured must bear the same proportion of that loss

that the sum of $4,985. 52 bears to the sum of $7,485.52, to wit : two-thirds part of the same.

And the insured for the same reason bears the one-third part, or the proportion that $2,500 bears to $7,485.52.

Deducting the amount of the total loss on the goods by the fire, $473.58, and the proportion is nearly the same. The insured bearing the same proportion of the loss by removal that the sum of $4,511.94 bears to $7,011.94, about nine fourteenth parts, or nearly two-thirds, and the insurer bears the same proportion of the loss that $2,500, the sum insured, bears to $7,011.94, about five fourteenths, or about one-third part of the same.

Therefore, whether we consider the policy a valued one or an open one, as regards a partial loss by removal, whether we fix the value of the property at $5,000 as stated in the Policy, or at $7,485.52, as shown by the preliminary proofs, and according to the principles of insurance, the charge of the Judge of the Court below is incorrect. *Angel on Insurance P.* 307, *Sec.* 249; *do* 309, *Sec.* 252; 2 *Phillips Insurance, p.* 158; 7 *Mass. Rep., Clark vs. U. S. Ins. Co.,* 364, 374, 375 ; 2 *Phillips Insurance,* 222, *Sec.* 1471 *and* 232, *Sec.* 1482.

*Second.*—The rule of construction applicable to policies of insurance, where there is any ambiguity in the wording thereof, or in the conditions thereto attached, does not differ from that applied to other mercantile instruments. Its sense and meaning are to be ascertained by the known usage and general customs of insurance companies in respect to the subject matter, and it shall be interpreted according to the sense of the policy taken as a whole, the reasonableness of the construction and the law of the case governing the matters at issue. 1 *Sandford's Rep. p.* 151, *Howe vs. Ins. Co.*

Points and authorities of Respondents :

*First.*—By the fifteenth condition of the policy of insurance damage occasioned by removal of property "shall be borne by the insured and the insurers in such proportion as the whole sum insured bears to the whole value of the property insured." In this case the whole sum insured was $2,500.00, and the whole value of the property insured was $5,000, as

shown by the policy, and the ruling of the Court below that the insured should bear one-third and the insurers two-thirds of such damage occasioned by removal was unquestionably correct.

A and B are copartners, and by their articles of copartnership it is provided that A and B shall share the profits and bear the losses in such proportion as the capital stock contributed by A bears to the capital stock contributed by B. A has contributed $2,500.00 and B $5,000. And the losses are $300.00. What part of the losses shall each man pay ? And in the same case suppose A had contributed $5,000.00 and B $5,000.00, what part of such losses should each man pay ? It matters not what may be for the interest of an insurance company in effecting insurance and issuing policies ; or whether the fifteenth condition of the policy is favorable or otherwise to the insurers. The question is what does the contract provide as it is, in the case.   *Case vs. Hartford Ins. Co.*, 13 *Ills.* 676.

*Second.*—The Defendants cannot make an objection that the Court below erred in assuming that the whole value of the property insured was $5,000.00, as mentioned in the application, made a part of the policy instead of $7,485.52, as admitted on the trial, because the whole value of the property insured forms the last consequent and the last term of the proportion, and the less it is made, so much the less will the Defendants have to bear. The ruling below is therefore largely in favor of the Defendants in case the policy is an open one as claimed by the Defendants.   *Angel on Insurance, Secs.* 253, 254.

*Third.*—It cannot be that any deduction is to be made from the whole value of the property insured before the losses are estimated upon the goods damaged by removal, since the language of the policy precludes any such construction.

M. E. AMES and L. C. DAYTON, Counsel for Appellant.

MORRIS LAMPREY, Counsel for Respondent.

*By the Court*—EMMETT, C. J.   The decision of this case we have made to depend upon the interpretation of the fif-

teenth condition of the policy of insurance. The condition is as follows: "Where property insured in this company is damaged by removal from a building in which it is exposed to fire, said damage shall be borne by the insured and insurers in such proportion as the whole sum insured bears to the whole value of the property insured, of which proof in due form shall be made by the claimant."

A portion of the property insured by this policy, seems to have been wholly destroyed by fire, a portion damaged by the fire, and still another portion damaged by the removal. The Plaintiff brought her action to recover for all the damage sustained. On the trial, evidence was offered to show the amount of the damages occasioned by removing the goods; and it being necessary to determine the relative proportions in which it should be borne by the parties respectively, the Judge instructed the jury—"That the sum insured being $2,500, and the value of the goods being estimated in the policy at $5,000, the damage occasioned by the removal of the goods (if any) must be borne in the following proportions, under the fifteenth condition of the policy, to wit: The Plaintiff must bear one-third of the loss, and the Defendant two-thirds."

Although the terms of the policy literally taken may possibly admit of such an interpretation, yet we do not think it is correct, or that it is in accordance with the intention of the parties.

The primary object of a policy of insurance is to indemnify the party against loss and damage by fire. The person insured must therefore have an interest in the property insured not only at the time of the insurance but at the time of the loss. The amount for which the property is insured, except in the case of a valued policy, is not to be considered as the agreed indemnity, even where there is a total loss, but as the extent of the insurer's liability. The amount of the recovery is regulated solely by the value at the time of the loss, because this fully indemnifies the insured for the actual loss or damage.

It not unfrequently happens, however, that parties insured find it necessary or prudent where property is in danger of being destroyed by fire, to have it removed; indeed it is not only their duty so to do, but in most policies it is expressly

provided that they shall use all possible diligence in saving and preserving the property. In all such instances, the damage sustained by removal should be borne by the parties according to their respective interests. This is the equitable rule, and would govern, were there no contract respecting it. The interests of the parties respectively depend in such cases upon the value of the property, and the amount insured. If the property is insured for its full value, the insurer assumes all the risks, but if insured for one-half only, the insured takes half the risk, or in other words, insures himself to that extent. It is but reasonable therefore that he should bear his share of the expense incurred and damages sustained in preserving the property from destruction, and that share should correspond with the interest he has at stake. If a party, instead of taking any risk upon himself, insured to the full value of his property in different companies, the companies thus insuring would pay any loss in exact proportion to their several risks, and so too, as to expenses and damages caused by removal. This apportionment of the damage is upon the principle that each party ought to bear the loss in proportion to his interest. And we believe that it was intended by the fifteenth condition of this policy, simply to declare the application of this well established principle to this class of damages.

But according to the interpretation given by the Judge below, the parties do not bear the damage thus sustained according to their respective interests, for the insurers, though they have but half the risk, are made to pay two-thirds of the damage, and by the same rule, had they insured the property at but one-tenth of the value, thus incurring but one-tenth of the risk, they would nevertheless have had nine-tenths of the loss to bear. This is simply reversing the natural and reasonable rule before spoken of, making the party having the least interest in the preservation of the property, pay the greatest portion of the damage, and the less that interest is, in proportion to the value of the whole, the greater his proportion of the loss. Each party's liability for such damages increases, according to this ruling, as the amount of interest he has at stake decreases, and *vice versa*. If property valued at $10,000, on which there was an insurance of but $1,000, should be

damaged by removal to the amount of $1,000, the insurers, instead of bearing but one-tenth, or $100 of the loss, would have nine-tenths, or $900 of it to pay, while the insured, who had nine times the amount at risk, would bear but one-tenth or $100 of the loss.   Each party will thus be seen to bear exactly that portion of the damages which the other ought, in justice, to have borne.   We cannot believe the parties ever intended to lay down any such rule—it is not founded in reason, but is purely arbitrary, and violates every principle of equity.

We hold that the true interpretation of the fifteenth condition, if it has any meaning at all, is, that the damage occasioned by the removal of property exposed to a fire, shall be borne by the parties according to their respective interests or risks, the share of either bearing the same proportion to the whole damage that his interest in the property or risk bears to the whole value.   There is an ambiguity about the language used which does not appear until the attempt is made to ascertain what is intended by it.   In such a case the difficulty is best solved by a reference to what would have been the legal rights of the parties under the circumstances, had they not attempted to define.   And if the parties have failed to furnish a new rule, they must abide by that furnished by the law.

With this interpretation it necessarily seems to follow that the Judge erred in confining the parties to the value of the property as specified by the Plaintiff in her application for insurance, instead of the actual value at the time of the loss. We do not mean to say, where the parties have agreed upon the value of particular property insured, and the same property is lost or damaged by the fire, or by the removal, that the question of value is open to inquiry, unless there has been fraud or misrepresentation.   But, except in a valued policy, the value of the property insured at the time of the insurance is of no importance, inasmuch as the loss is to be determined by the actual cash value at the time of the fire.   This is particularly provided by the policy in this case, and the value of the stock on which the risk is taken is not even mentioned ; the only reference to it is to be found in the application for insurance, which forms no par    the subsequent contract, and is

only important as showing the representations made. The insurers, without regard to the amount or value of the whole stock insured, agree by this policy, "to make good unto the assured, all such immediate loss or damage, not exceeding the amount insured [$2,500] as shall happen by fire to the property," &c., "the said loss or damage to be estimated according to the true and actual cash value of the property *at the time the same shall happen.*" It matters not, therefore, so far as the loss and damage by the fire is concerned, what may have been the value of the whole stock at the time it was insured, or indeed, at the time of the fire. All the insurers are bound to do is pay the actual cash value of the goods destroyed, and the actual damage sustained by the fire to an amount not exceeding $2,500.

If then the value of the whole stock at the time of the insurance is not named in the policy and formed no part of the stipulations of the contract, and the parties are governed, in regard to the loss and damage by the fire by the actual cash value at the time, why should they be confined in apportioning the damages sustained by removal to the value as estimated in the mere application for insurance, made by one party only, and which estimate the other party cannot be said to have assented to or denied? It seems to me that so far as the terms of the policy throw any light upon the intention of the parties, they expressly ignore any valuation except the actual cash value at the time of the fire. And if we are right in holding that these damages should be borne by the parties in proportion to the interest of each, then that interest can only be determined by ascertaining the actual value of the whole stock at the time of the removal. The assured might have increased her stock to ten thousand dollars at the time the loss occurred. In that event she would have had three times more interest than the insurers, in the preservation of the property, and ought to bear three-fourths of the damage by removal. On the other hand, the stock may have been reduced even below the amount for which it was insured, in which event she would really have had nothing at risk, and the insurers should have borne the entire damage sustained.

We think the Court below erred not only in the interpreta-

tion given to the fifteenth condition of the policy, as to the pro-
portion in which the damages should be borne, but in instruct-
ing the jury that the stock was valued in the policy at $5,000,
and confining the parties to that valuation.

New trial awarded.