# Teague *v.* Germania Fire Insurance Company.

### *Action on Policy of Fire Insurance.*

1. *Fire insurance ; measure of recovery under provisions of policy.*—A policy of fire insurance on a stock of merchandise, which was partially destroyed by removal from a building in which it was exposed to loss by fire, and on which there was additional insurance in another company, providing, (1) that "in case of any other insurance, . . . the assured shall be entitled to recover of this company no greater proportion of the loss sustained, than the sum hereby insured bears to the whole amount insured thereon;" and (2) that "when property insured by this company is damaged by removal from a building in which it is exposed to loss by fire, the damage shall be borne by the insured and insurers, in such proportion as the whole sum insured bears to the whole value of the property insured,"—*held*, in an action on the policy, that the insurance company thereby assumed the risk, not on any defined or definable portion of the stock, but on an undivided proportion of the whole stock, the proportion which the sum of insurance bore to the value of the whole stock ; and that this was the measure of the plaintiff's recovery.

APPEAL from Butler Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action by William M. Teague against the North German Fire Insurance Company, on a policy of insurance, covering a stock of merchandise. There was a judgment on verdict for the plaintiff for $237.80, from which he appealed. The facts are sufficiently stated in the opinion.

J. C. RICHARDSON, for appellant.

CLOPTON, HERBERT & CHAMBERS, *contra.*

[Teague v. Germania Fire Insurance Company.]

STONE, J.—The single question presented in this record is as to the measure of the plaintiff's right of recovery. The right to maintain the action is not denied.

The plaintiff had a stock of goods in store, partially covered by insurance. The value of the goods at the time of the loss was something over $9,000. They were covered by two policies of insurance—one issued by the Ætna Insurance Company, in the sum of $5,000, and the other by the appellee insurance company, in the sum of $2,000. Total of insurance $7,000—or, about 7-9ths of the value of the goods. The fire originated in a store near by, and thus imperiled the plaintiff's goods, whose store it was approaching. The goods sustained damage to a sum exceeding $900, partly by being burned, but chiefly in the removal. The plaintiff below—appellant here—contends that inasmuch as the loss falls below the gross amount of insurance, he should recover the full measure of his loss.

The policies issued by each of the companies in which plaintiff had obtained his insurance, contained clauses substantially as follows:

"XII. . . In case of any other insurance, whether made prior or subsequent to the date of this policy, the assured shall be entitled to recover of this company no greater proportion of the loss sustained, than the sum hereby insured bears to the whole amount insured thereon."

"XVI. When property insured by this company is damaged by removal from a building in which it is exposed to loss by fire, the damage shall be borne by the insured and insurers, in such proportion as the whole sum insured bears to the whole value of the property insured."

The charge of the court was, that as to the damage done by the removal, the plaintiff could only recover in that proportion which the sum insured bore to the whole value of the stock of goods. In other words, that when partial insurance was taken, the insurance company assumed the risk, not on any defined or definable portion of the stock, but on an undivided proportion of the whole stock—the proportion which the sum of the insurance bore to the value of the whole stock. The insured took the rest of the risk; that is, he took the risk of that proportion of the undivided stock which was in excess of the insurance. He stood in the relation of insurer, or risk-taker for that excess, to the same extent, as the insurance company stood to the proportion or percentage of the goods which were covered by the insurance. Such is the plain, unmistakable language of the policy, and such, as we understand it, is the universal rule of adjusting indemnity, in cases of partial damage to merchandise, partially covered by insurance. To hold otherwise, would not only be to ignore clause

[Vann & Waugh v. Adams, Thorne & Co.]

XVI of the policy, but would lead to the following result : One partially insured, paying a smaller premium, and suffering a partial damage, just equal to the sum of his insurance, would recover the same amount of indemnity as another would, having the same amount of insurance, although the latter sustained a total loss. Thus : Two merchants, each carrying ten thousand dollars of stock, and each insured for five thousand dollars. One sustains a total loss, and the other a damage equal to fifty per cent. According to the contention, each should obtain the same amount of indemnity. This would be to hold that the goods lost or damaged were those covered by the insurance, while those saved were those on which the owner had no insurance, but was carrying the risk himself. We can not assent to this, under the language of the policy we are construing.

In *Peoria M. & F. Ins. Co. v. Wilson,* 5 Minn. 53, this precise question was considered, and was decided as we have declared above. See, also, Barber's Princ. of Ins. § 163. There is an admitted dearth of authorities on this question ; possibly, because the interpretation of such policies has not often been disputed.

The judgment of the Circuit Court is affirmed.