# Cauley *v.* The State.

### *Indictment for Miscegenation.*

1. *Proof of character.*—On a trial for miscegenation, or living in adultery (Code, § 4018), the defendant having adduced evidence of his general good character, a witness can not be allowed to state, on cross-examination, that he had the reputation of being "foolishly fond of women."

2. *Admission of illegal evidence against objection.*—The admission of irrelevant evidence in a criminal case, against the objection of the defendant, will work a reversal of the judgment, unless the record affirmatively shows that the effect was to benefit him.

3. *Impeaching witness.*—Every contradiction of a witness does not impeach him ; the contradiction must be on a material point.

FROM the Circuit Court of Butler.

Tried before the Hon. JOHN P. HUBBARD.

The appellant, a negro man, was indicted, tried and convicted for living in a state of adultery with one Parthenia Grayson, a white woman ; and was sentenced to the penitentiary for three years. The evidence introduced for the State tended to show that the defendant was guilty of the charge preferred against him, while the testimony offered in his own behalf tended to show that he was not guilty as charged, and was in direct conflict with the State's evidence.

There were but two exceptions reserved on the trial, and only two points urged in argument. The one as to the introduction of evidence of the defendant's character as to women, is sufficiently shown in the opinion. The other was the exception reserved by the defendant to the court's refusal to give the following written charge to the jury : "If the State's witness contradicts herself, the jury may look to this in determining the credit to which she is entitled; and if she is contradicted by a witness who is unimpeached, and if such contradiction generates in the minds of the jury a reasonable doubt of guilt, then they must give the defendant the benefit of it, and acquit the defendant,"

[Cauley v. The State.]

J. N. WHITEHEAD, for appellant, cited *Moulton v. State*, 88 Ala. 116.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of the offense of miscegenation, and sentenced to the penitentiary for three years.   During the trial, the defendant introduced testimony to prove his general good character.   On cross-examination, a witness was asked by the solicitor, "Do you know the general character of defendant about women ? and if so, what is that character ?"   the witness replied, "that he did from what was said about it, and that his general character about women was, from what was said about it, that he was foolishly fond of women."   The evidence was objected to by the defendant, and a motion to exclude it from the jury was overruled.

General character is the reputation one has made in the community in which he resides—the resultant of his general walk and conversation.   It can not be shown by proof of particular acts of good or bad conduct.   The knowledge necessary to render a witness *prima facie* competent to testify of good or bad character, has been often passed upon in this State. *Hussey v. State*, 87 Ala. 121 ; *Haley v. State*, 63 Ala. 85 ; *Childs v. State*, 55 Ala. 28 ; *Hadley v. State, Ib.* 31, and references.

Good character may generate a reasonable doubt of guilt upon the principle, that it is unlikely that a person of good character would commit the act charged.   On cross-examination, or by other witnesses' testimony in rebuttal of that, evidence tending to prove good character is admissible.   Proof of particular facts or acts is not in rebuttal.   To be in rebuttal it must be that which affects the general character testified to, counterbalancing or weakening the presumption, arising from the evidence adduced of good character.

A person on trial for an affray may prove his general good character, or his good character as a peaceable, law-abiding man.   In rebuttal, it may be shown that his reputation is that of a quarrelsome, fighting man.   If tried for adultery, and the defendant offers in evidence proof of general good character, it may be shown in rebuttal that defendant's reputation for virtue is bad, or that his general reputation is that of a fornicator, or an adulterer.   This would be in rebuttal, and tend to overcome the presumption of innocence arising from good character.   There could be no misunderstanding of such evidence, and the legal inference to be drawn from such proof. But what presumption can arise from a reputation of being

[Stokes v. The State.]

"foolishly fond of women ?" Must it be inferred that a person who has the reputation of being foolishly fond of women, is also an adulterer, or fornicator? Reputation, as we have said, is the fruit of one's walk and conversation—the result of deportment. A person may have the reputation of being "foolishly fond of women," and not have the reputation of habitual indulgence, in unlawful sexual intercourse. The phrase, *fondness for women*, does not *ex vi termini*, convey the meaning of lustful desire, and its unlawful gratification.

The witness should have explained in what sense the expression was used; and if the explanation had shown that the general character of the defendant for virtue and morality was bad, or that he was generally known as a man of lewd desires and lecherous habits, the testimony would have been competent; but, standing alone, it was *prima facie*, irrelevant and illegal, and its admission may have unjustly prejudiced the defendant before the jury. When irrelevant testimony is admitted in a criminal trial, against the objection of the defendant, it will work a reversal, unless it affirmatively appears that the effect was to benefit the defendant.—*Maxwell v. State*, 89 Ala. 164.

The charge requested by the defendant, was properly refused. There is no evidence in the record tending to show that the State's witness contradicted herself. In this respect, the charge was abstract. Furthermore, it is not every contradiction of a witness, which has the effect to impeach. The contradiction must be on a material point.

For the error in not excluding illegal evidence, the case must be reversed.

Reversed and remanded.