# Smith *v*. The State.

*Indictment for an Assault with Intent to Rape.*

1. *Witness; when credibility affected by conviction; must be infamous crime.*—An infamous crime, the evidence of the conviction of which is admissible as affecting the credibility of the person convicted, upon being examined as a witness, is

a crime which "shows such depravity in the perpetrator, or such a disposition to pervert public justice in the courts, as creates a violent presumption against his truthfulness under oath."

2. *Same; same; assault and battery, and carrying concealed weapons not infamous crimes.*—The conviction of an assault and battery and of carrying concealed weapons is not infamous; and, therefore, evidence of the conviction of a witness of these crimes, for the purpose of discrediting his testimony, is inadmissible.

3. *Assault with intent to rape; when intent question for jury.* On a trial under an indictment for an assault with intent to rape, where the evidence shows an assault on the woman named in the indictment under circumstances from which the intent to rape might be inferred by the jury, a charge is properly refused which instructs the jury "that under the evidence in this case the jury can not find the defendant guilty of an assault with intent to ravish."

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant was indicted, tried and convicted for an assault with intent to rape, and was sentenced to the penitentiary for twenty years.

On the trial of the case the woman alleged in the indictment to have been assaulted testified to the circumstances of the assault committed upon her and to facts tending to show that the assault was made with the intent to forcibly ravish her. She identified the defendant as the person who committed such assault. She testified, among other things, that she worked at a cotton mill, and that while she was going to her work and passing through a dark room, to reach the room where she was employed, the defendant grabbed hold of her forcibly and with one hand caught her by her person just between her legs, whereupon she screamed as loud as she could and the defendant ran away.

The evidence for the defendant tended to show an alibi. After the defendant was introduced as a witness and had testified that he did not assault the person named in the indictment and was not present at the time the assault was alleged to have been committed, the State introduced in evidence an indictment charging the defendant with an assault and battery and a judg-

ment of conviction under said indictment, and also an
indictment charging the defendant with carrying a
pistol concealed about his person, and a judgment of
conviction under such indictment. The indictments and
judgments in each of these cases were introduced
against the objection and exception of the defendant.
The court stated to the jury that said testimony was
admitted "Solely for the purpose of affecting the credi-
bility of the defendant as a witness."

P. E. CULLI, for appellant.—The indictment and judg-
ment of conviction against the defendant was not ad-
missible in evidence. The crime of which he was con-
victed in such case was not infamous and, therefore, in no
way affected his credibility.—*Murphy v. State,* 108 Ala.
10; *Thompson v. State,* 100 Ala. 70; *Smith v. State,*
79 Ala. 21; *Cooper v. State,* 86 Ala. 610.

The charge requested by the defendant should have
been given.—*Jones v. State,* 90 Ala. 628.

CHAS. G. BROWN, Attorney-General, for the State.
The court committed no error in allowing to be intro-
duced in evidence the indictments and judgments of
conviction against the defendant, who had been ex-
amined as a witness.—Code of 1896, § 1795; Cr. Code,
1896, § 5297; *Mitchell v. State,* 94 Ala. 68; *Murphy v.
State,* 108 Ala. 10.

The charge asked by the defendant was properly re-
fused under the facts of the case.—*Brown v. State,* 121
Ala. 9; *Dudley v. State,* 121 Ala. 4.

TYSON, J.—The rule of the common law was that
persons convicted of treason, felony and the *crimen falsi*
were rendered infamous, and were disqualified as wit-
nesses in civil and criminal cases. In determining
whether a crime was infamous, the test seems to be
"whether the crime shows such depravity in the perpe-
tration or such a disposition to pervert public justice
in the courts, as creates a violent presumption against
his truthfulness under oath." It was not the severity
of punishment, but the nature of the offense, which
created legal infamy and disqualification of a witness.

*Sylvester v. State,* 71 Ala. 17; *Taylor v. State,* 62 Ala. 164. The common law rule, which prevailed in this State, was changed by the enactment of the statute now embodied in section 1795 of the Code so as to relieve a witness of disqualification by reason of having been convicted of an *infamous* crime, except where the conviction is for perjury or subornation of perjury; providing, however, that evidence of such conviction goes to his credibility. It is too clear for argument that the words *"infamous crime"* employed in this section, have the same meaning as they had at common law.

So too it is also clear that the crimes of assault and carrying concealed weapons are not infamous. Not being *infamous,* evidence of the conviction of the defendant for those crimes for the purpose of discrediting his testimony, was inadmissible. Not being admissible for this purpose, it was not admissible for any other.

Under the evidence there was no error in refusing the charge requested by defendant.—*Dudley v. State,* 121 Ala. 4; *Brown v. State, Ib.* 9; *Talbert v. State, Ib.* 33.

Reversed and remanded.

*Indictment for an Assault with Intent to Murder.*