# McCormack v. The State.

## Prosecution for Selling Liquor to a Person of known Intemperate Habits.

1. *Selling liquor to persons of known intemperate habits; constituents of offense; burden of proof.*—To authorize a conviction under a prosecution for selling liquor to a person of known intemperate habits, it is necessary to show (1) that the defendant sold spirituous, vinous or malt liquors to the person named; (2), that such person was of intemperate habits; and, (3), that the defendant had knowledge of his intemperate habits; and the burden of establishing each and all of these facts is upon the State.

2. *Same; proof of known intemperate habits; admissibility of evidence.*—For the purpose of showing that the defendant had knowledge of the intemperate habits of the person to whom he is charged with having sold spirituous liquor, it is com-

[McCormack v. The State.]

petent for the State to prove the contents of a paper in the defendant's possession which was written him by the wife of the person of known intemperate habits, in which she told the defendant of such habits, and it is not necessary as a condition precedent to the admission in evidence of such testimony, that the State should have demanded of the defendant the production of the letter.

3. *Same; same; same.*—For the purpose of showing that the defendant had knowldege of the known intemperate habits of the person to whom he is charged with having sold spirituous liquors, it is competent for the brother of said person to whom the liquor was alleged to have been sold to testify that he had told the defendant not to sell whiskey to his brother, and further for the State to prove by other witnesses, that said person was frequently within twelve months preceeding the trial, under the influence of intoxicants; and, likewise the testimony of such person's brother that he had been a man of intemperate habits for six years, is admissible in evidence.

4. *Witness; competent to show interest as affecting credibility.* The interest of the witness in a cause in which he testifies may always be shown as affecting the credibility of his testimony; and in a prosecution for the sale of liquor to a person of known intemperate habits, where the employer of the defendant testifies to facts which exonerate the defendant, it is competent for the State to ask such witness if there was not then pending against him a prosecution for the same offense.

5. *Charge of court to jury; when defendant can not complain.* The defendant can not complain of a portion of the oral charge of the court which is too favorable to him, in that it exacts too high a degree of proof.

6. *Abstract charges* are properly refused.

7. *Selling liquor to person of known intemperate habits; charge of court.*—In a prosecution for selling spirituous liquors to a person of known intemperate habits, where the State elects to prosecute for a sale alleged to have been made on August 7, and there was evidence on the part of the defendant tending to show that on August 6 he was returning officer at the general election and did not finish the count until ten o'clock on August 7, when he went to the saloon where the sale was alleged to have been made, and remained there between fifteen and thirty minutes and then went home and slept until six o'clock in the evening, but there was positive evidence on the part of the State that the defendant sold

[McCormack v. The State.]

whiskey to a designated person on August 7th, a charge is
erroneous and properly refused which instructs the jury that
"if you believe from the evidence that defendant was a re-
turning officer of the election on August 7th, and went to
the Palace Saloon and between fifteen and thirty minutes
went to Pattons or Lands, and then went home and slept
until 6 o'clock that evening, your verdict should be for the
defendant."

APPEAL from the County Court of Morgan.
Tried before the Hon. WILLIAM E. SKEGGS.

The appellant in this case, Ben McCormack, was pros-
ecuted and convicted for selling spirituous, vinous or
malt liquors to a person of known intemperate habits.
It was shown by the evidence that the defendant had
made several sales of whiskey to one Charles S. Aycock.
The State elected to prosecute for the sale alleged to
have been made on August 7, 1900. Several witnesses
for the State testified that the defendant sold
whiskey to the said Charles S. Aycock on the evening of
August 7. The wife of said Aycock testified that her
husband had been drinking to excess during the year
previous to said alleged sale and that she had given
the saloon keepers notice not to sell him intoxicating
liquors.

Said Charles S. Aycock, as a witness, testified that he
had been drinking heavily and was able to get whiskey
from the defendant up to the time notice had been given
by his wife not to sell him any more. The solicitor then
asked the witness if the defendant showed him the paper
he had received from his wife telling him not to sell
the witness any whiskey; at the same time handing said
paper to the witness. The defendant objected to this
question, because it was irrelevant and immaterial evi-
dence, and duly excepted to the court's overruling his
objection. The witness answered that he did. The solic-
itor then asked the witness the following question: "Did
the paper shown you by the defendant state in it not to
sell you on account of known intemperate habits?" The
defendant objected to this question, because it called
for irrelevant and immaterial evidence, and because it
was not the best evidence of the contents of the paper,

[McCormack v. The State.]

and because no demand was made on defendant to produced the same. The court overruled the objection, and the defendant duly excepted. The witness answered that it did, but that after such notice he had bought whiskey from defendant almost every day in 1900 until the filing of the affidavit in this case.

Lee Aycock, a witness, against the objection and exception of the defendant, testified that he had also notified the defendant not to sell whiskey to said Charles S. Aycock, his brother. There was other evidence introduced by the State tending to show that said Charles S. Aycock was a man of known intemperate habits.

The evidence for the defendant tended to show that he did not sell whiskey to said Charles S. Aycock on August 7, 1900.

Charles E. Woodward, who was proprietor of the Palace saloon where the defendant was employed as a bartender, testified that he was in the saloon on August 7, 1900, continuously up to the time he went to supper; that between 10:30 and 11 o'cock in the day, the defendant came into the saloon with another person, got a drink and left in a few minutes, but that the defendant did not go behind the counter, nor did he make any sale during the day of August 7, 1900. The solicitor asked said witness the following question: "You have a prosecution pending against you for the same offense, have you not?" The defendant objected to this question upon the ground that it called for irrelevant and immaterial evidence. The court overruled the objection, and the defendant duly excepted. The witness answered that there was a prosecution pending against him.

The defendant, as a witness in his own behalf, testified that he was the clerk at the general election on August 6, 1900; that he sat up all night counting the votes and finished about 10 o'clock on the morning of August 7; that he, in company with another person, went to the Palace saloon, where he was accustomed to clerk, and took a drink, and that after remaining there a few minutes, left and went home and went to bed, where he remained until about 6 o'clock in the evening, when he got up and ate his dinner and supper together; that he did not leave the house until after supper and was not

in the Palace saloon on August 7, except as stated above, and until after supper, but that he was not at the saloon on that day and made no sales to Aycock or any one else that day. There was other evidence introduced on the part of the defendant tending to corroborate his testimony. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The court in its general charge to the jury, among other things, instructed them as follows: "It devolves upon the State to prove to your satisfaction a sale of liquor by defendant to Chas. S. Aycock on August 7th, 1900." The defendant duly excepted to the giving of this portion of the court's general oral charge, and also separately excepted to the court's refusal to give each of the following written charges requested by him: (1.) "If you believe the defendant was at home asleep from about eleven o'clock on August 7th, 1900, until night, your verdict should be for the defendant." (2.) "If you believe from the evidence that defendant was a returning officer of the election on August 7th, and went to the Palace saloon and between fifteen and thirty minutes went to the Pattons or Lands, and then went home and slept until 6 o'clock that evening, your verdict should be for the defendant."

No counsel marked as appearing for appellant.

Chas G. Brown, Attorney-General, for the State.

TYSON, J.—This appeal is prosecuted from a judgment of conviction upon the charge of selling spirituous, vinous or malt liquors to a person of known intemperate habits. To authorize the conviction, the sale must be made to a person of intemperate habits and the seller must have been shown to have had knowledge of such habits. In other words the jury must be convinced by the evidence beyond a reasonable doubt of the existence of these facts: the sale of spirituous, vinous or malt liquors, the intemperate habits of the person to whom the sale is alleged to have been made, and a knowledge on the part of the defendant of such habits.—*Jones*

*v. The State*, 100 Ala. 88. Of course, the burden of establishing each and all of these facts is upon the State. For the purpose of tracing knowledge to the defendant of the intemperate habits of Aycock it was entirely competent for the State to prove the contents of the paper in defendant's possession written by Aycock's wife in which she told him of his habits. Nor was it necessary for the State, before being allowed to offer this evidence, to have demanded of defendant the production of the letter. So, too, there was no error in permitting witness Lee Aycock to testify that he had told defendant not to sell his brother whiskey. Likewise it was competent for the State to prove by Brock that Aycock was frequently within the twelve months preceding the trial under the influence of intoxicants. The same may be said of the statement of the witness Will Aycock that his brother had been a man of intemperate habits for the past six years. This testimony not only tended to show the habits of Aycock, but also knowledge on the part of the defendant of those habits.—*Atkins v. The State*, 60 Ala. 45; *Smith v. The State*, 55 Ala. 1; *Tatum v. The State*, 63 Ala. 147.

The interest of a witness in the cause may always be shown as affecting the credibility of his testimony. It was doubtless upon this theory that the solicitor was permitted on cross-examination of Woodward, the proprietor of the Palace saloon and the employer of the defendant, to ask him if a prosecution was not pending against him for the same offense. There was no error in this.

The exception to the portion of the oral charge of the court can avail the defendant nothing. It was too favorable to him, in that it exacted too high a degree of proof. It required the State to prove to the satisfaction of the jury a sale of the liquor by defendant, etc. "Before it can be said that the mind is satisfied of the truth of a proposition, it must be relieved of all doubt or uncertainty, and this degree of conviction is not required" in any case.—*Torrey v. Burney*, 113 Ala. 504; *Dennis v. The State*, 118 Ala. 79; *L. & N. R. R. Co. v. Gidley*, 119 Ala. 527; *A. G. S. R. R. Co. v. Burgess, Ib.* 564; *Abbott v. City of Mobile, Ib.* 599; *Moore v. Heineke, Ib.* 639; *Coghill v. Kennedy, Ib.* 667.

[James v. The State.]

Charge 1 refused to defendant was abstract. There was no evidence that defendant was at home asleep from about 11 o'clock on August 7th until night. On the contrary the evidence shows that he ate his dinner and supper together about the hour of 6 o'clock in the afternoon of that day.

Every fact postulated in charge 2 may have been believed by the jury, and yet the defendant would not have been entitled to a verdict of acquittal, if the jury believe that the sale of liquor was made by him about dusk of the evening of August 7th.

There is no error in the record. Judgment affirmed.