# ' Wilkerson *v*. The State.

*Indictment for selling Spirituous, Vinous or Malt Liquors contrary to Law.*

1. *Selling liquors contrary to law; admissibility of evidence to show bias.*—On the trial under an indictment for selling liquor contrary to law, it is competent, on the cross-examination of a witness introduced and examined as a witness for the defendant, to ask him if he was not indicted for the same offense with which the defendant was being tried in the same court; such evidence having a tendency to show bias on the part of the witness.

2. *Same; same.*—In such a case, it is not competent on the cross-examination of a witness introduced by the defendant, to ask him if an indictment was not then pending against him for public drunkenness.

3. *Credibility of witness; charge in reference thereto.*—In the trial of a criminal case, where a witness for the State has been impeached, a charge which instructs the jury that if such witness swore to the facts as testified to by the impeaching witness "the jury may look to the fact in connection with all

the other evidence in determining what credence they will give to his testimony," asserts a correct proposition at law, and should be given at the request of the defendant.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

The appellant in this case, Luther A. Wilkerson, was indicted, tried and convicted for selling spirituous, vinous and malt liquors without a license and contrary to law.

On the trial of the case the State introduced as a witness one John Kiesler, who testified that on February 19, 1901, he stopped at the defendant's house in the town of Centre, in Cherokee county, and bought a pint of liquor from him and paid him 40 cents therefor. On the cross-examination of this witness by the defendant, he was asked if he did not testify in July, 1901, before the United States Commissioner at Gadsden, during an investigation wherein the present defendant was charged with selling liquor contrary to law, that he had never bought any liquor from the defendant? The witness answered that he did not. The witness further testified that he was a witness at that time against the defendant, and that Joe Winter and Will Knight were also present on that occasion.

The defendant, as a witness in his own behalf, and the said Joe Winter and Will Knight each testified that upon the investigation before the United States Commissioner at Gadsden, in July, 1901, in which the present defendant was charged with selling liquor contrary to law, the witness, John Kiesler, testified that he had never bought any liquor from the defendant.

Upon the cross-examination of the witness Joe Winter, he was asked: "If he did not stand indicted for the same offense with which the defendant was being tried in the same court?" The defendant objected to this question, on the ground that it called for illegal, irrelevant and incompetent evidence, and duly excepted to the court overruling his objection. The witness answered that he was so indicted. The State also asked the witness Will Knight on cross-examination: "If there was not an in-

dictment pending in said circuit court against him for public drunkenness?" The defendant objected to this question on the ground that it called for illegal, irrelevant and incompetent evidence, and duly excepted to the court overruling his motion. The witness answered that there was such an indictment pending against him.

The defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: "The court charges the jury that if Kiesler swore before the commissioner last July that he had never bought any liquor from this defendant, the jury may look to that fact in connection with all the other evidence in determining what credence they will give to his testimony."

J. L. BURNETT, for appellant.

MASSEY WILSON, Attorney-General, for the State.

SHARPE, J.—Defendant was convicted on an indictment drawn under section 5076 of the Code for selling spirituous, vinous or malt liquors without a license. A witness who had been introduced and examined for defendant was, on cross-examination and against objection, required to answer and did answer affirmatively a question by the solicitor as to whether he did not "stand indicted for the same offense with which defendant was being tried in the same court." This testimony having apparent reference to the identical transaction involved in the trial, was admissible as tending to show a bias on the part of the witness and, therefore, as affecting his credibility.—*Clifton v. State,* 71 Ala. 473.

Subject to an exception taken by defendant the solicitor was allowed when cross-examining to elicit from one of the defendant's witnesses that there was an indictment pending in the circuit court against the witness "for public drunkenness." In this there was error. Between the fact so elicited and the offense charged against defendant there was no such connection as would warrant an inference that the witness was interested or biased, nor is there any phase of the case which could

have been in the least illumined by such fact. It is only a conviction for an infamous crime, that may be proved to discredit a witness under section 1795 of the Code.

There was error also in the refusal of the written charge requested by defendant.—*Hale v. State,* 122 Ala. 85; *Roberts v. State,* Ib. 47; *Harris v. State,* 96 Ala. 24; *Smith v. State,* 88 Ala. 73.

The judgment will be reversed and the cause remanded.