# Smith *v.* The State.

*Selling Liquor Without License.*

(Decided Feb. 5, 1909.   48 South. 668.)

1. *Witnesses; Credibility.*—A witnesses' credibility may not be attacked by asking him a question, "You were arrested for selling whisky in Roanoke about June 1st, yourself, were you not?"

2. *Appeal and Error; Harmless Error.*—Where, in his subsequent testimony a witness fully answered a question formerly propounded to him, if it was error to sustain objection to the question in the first instance it was rendered harmless.

[Smith v. The State.]

3. *Witnesses; Credibility; Conviction of Crime.*—Construing together sections 4008 and 4009, Code 1907, the solicitor may ask a defendant's witness if he had not served a term in the penitentiary, and for what he was sent up, and on the witness answering for murder, he may be asked how long he staid there.

4. *Charge of Court; Reasonable Doubt.*—A charge asserting, "You cannot convict a man on any sort of evidence, but the law itself demands that the proof must show beyond all reasonable doubt that defendant is guilty as charged, else you should acquit him," is properly refused since the first statement therein is misleading.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

John Smith was convicted of unlawfully selling liquor, and appeals. Affirmed.

The witness Ford, in answer to the question as to whom he was working for in the case, stated that he was a marshal of Roanoke and working in the interest of the Law and Order League of the county, and as marshal desired to see the law inforced. The state was permitted to ask the witness Cofield, "You have served a term in the penitentiary, haven't you, Isam?" and his answer thereto was that he had. To the quesstion, "What was you sent to the penitentiary for?" came the answer, "For murder," and to the question, "How long did you stay in the penitentiary?" was the answer, "Six and a half years." The following charge was refused to the defendant: "I charge you, gentlemen of the jury, that you cannot convict a man on any sort of evidence; but the law itself demands that the proof must show beyond all reasonable doubt that the defendant at the bar is guilty as charged, else you should acquit him."

HOOTEN & OVERTON, for appellant. Counsel discuss assignments of error, but without citation of authority.

ALEXANDER M. GARBER, Attorney general, for the State.

[Smith v. The State.]

DENSON, J.—The defendanat was indicted, tried and convicted for selling liquor in violation of the prohibition law in Randolph county. McKissick, the principal witness for the state, testified that he bought a quart of whisky from the defendant on Tuesday after the first Sunday in June, and for it paid him $1. On cross-examination this witness was asked this question : "You were arrested for selling whisky in Roanoke about the 1st of June yourself, weren't you?" The court sustained the solicitor's objection to the question. In this ruling there was no error.—*Smith's Case,* 129 Ala. 89, 29 South. 699, 87 Am. St. Rep. 47; *Gordon's Case,* 140 Ala. 29, 36 South. 1009; *Wilkerson's Case,* 140 Ala. 165, 37 South 265; *Williams' Case,* 144 Ala. 14, 40 South. 405.

If the court erred in sustaining the state's objection to the question asked witness Ford, "Who are you at work for in this case?" the error was without injury, as the subsequent testimony of the witness is a full answer to the question.

No error is involved in the rulings of the court overruling objections made to questions propounded to defendant's witness Cofield by the state.—*Castleberry's Case,* 135 Ala. 24, 33 South. 431; Code 1907, §§ 4008, 4009, and cases cited under those sections.

The charge refused to defendant is confusing and misleading in its first statement, and was properly refused.

There is no error in the record, and the judgment of conviction is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and MAYFIELD, JJ., concur.