[Lowman v. The State.]

# Lowman *v.* The State.

## *Murder.*

(Decided June 7, 1909.  50 South. 43.)

1. *Jury; Challenge; Grounds; Relationship.*—A juror was not related by consanguinuity or affinity to the accused because the juror's wife was the first cousin of the defendant's mother-in-law, and it was error to permit the state to challenge such juror because of relationship to defendant.

2. *Witnesses; Examination; Responsiveness.*—Where the answer is responsive to the question although it goes beyond the question, the court in its discretion may allow it, especially where it explains or qualifies the answer.

3. *Same; Impeachment; Character.*—The general bad character of a witness may be shown as may his reputation for truth and veracity, and a witness may be asked if he has not been charged with certain disreputable practices, although he may not be required to answer that on one or more specific occasions, he had been charged with a specific dereliction.

4. *Same; Impeaching Witness; Knowledge.*—An impeaching witness may be asked on cross examination as to what he has heard of the acts of the witness impeached likely to affect such witness' character or reputation, in order to test the extent and soundness of the impeaching witness' knowledge of what is general character.

. *Same; Violation of Statute.*—The repeated violations of a statute will affect one's general reputation although the acts done are malum prohibitum rather than malum in se.

6. *Same; General Character.*—As relating to a witness' credibility his general reputation or character means the estimate in which he is held by the community.

7. *Appeal and Error; Harmless Error.*—Although at the time evidence of threats by one of the alleged co-conspirators against the deceased was admitted, the evidence was insufficient prima facie to show a conspiracy between the defendant and another to kill deceased, the admission of such evidence is rendered harmless by the subsequent introduction of evidence, sufficient to make out a prima facie case of conspiracy.

8. *Same; Discretion of Trial Court; Cross Examination.*—A trial court has a large discretion as to the range he will give to cross examination, and error in allowing a too great latitude must be clearly prejudicial to justify a reversal on appeal.

9. *Criminal Law; Conspiracy; Acts; Flight.*—Where the common purpose has been accomplished, and the flight from the place of the killing, by one of the alleged conspirators was after the alleged killing, the same could have no bearing on the intent of the accused, and hence was not admissible against him.

10. *Homicide; Evidence; Premeditation.*—As tending to show preparation and premeditation the state was properly permitted to show that the accused and his brother-in-law had been practicing shooting on the morning before the difficulty, where it appeared from the evidence that the deceased and accused's wife had had some trouble, which she had communicated to the accused, and that he had consulted his brother-in-law as to what should be done about it, and that he and his brother-in-law went to the place where the shooting occurred.

11. *Charge of Court; Covered by those Given.*—The court will not be put in error for refusing charges covered by those already given.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

George W. Lowman was convicted of homicide and he appeals. Reversed and remanded.

BILBRO & MOODY, for appellant.—The rule is that the consanguinei of the wife are the affines of the husband, but the affines of the wife are not the affines of the husband.—2 Stephens Com. 285; 1 A. & E. Ency of Law, 911; *Kirby v. The State,* 89 Ala. 63. This being true, the juror was improperly challenged by the State. The fact that the brother-in-law of the defendant ran away after the killing, was not competent against the defendant.—*Gore v. The State,* 58 Ala. 391; *Everege v. The State,* 113 Ala. 102; *James v. The State,* 115 Ala. 83. The matter inquired of from the witness Leverett as to charges which had been preferred against him along certain lines, should have been allowed.—*Owen v. The State,* 96 Ala. 120; *Thompson v. The State,* 100 Ala. 70. Counsel discuss charges given and refused, without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the State.—It seems that under the rulings of this court the juror Hall was a competent juror.—*Kirby v. The State,* 89 Ala. 63; *Danzey v. The State,* 126 Ala. 15. It was within the discretion of the court to allow the witness to qualify his answer.—*Wade v. The State,* 50 Ala. 164.

[Lowman v. The State.]

A character witness may be cross examined as to particular acts to test the soundness of his opinion.—*Steele v. The State,* 83 Ala. 20; *Jackson v. The State,* 78 Ala. 471. Charges A and B were properly given at the request of the state.—*Farrish v. The Sate,* 63 Ala. 164. Charge C was correct upon the burden of proof.—*Martin v. The State,* 77 Ala. 1. The Attorney-General discussed the other errors assigned, but without citation of authority.

SAYRE, J.—The wife of juror Hall and defendant's mother-in-law were first cousins. They were not related by consanguinity or affinity.—*Kirby v. State,* 89 Ala. 63, 8 South. 110; *Danzey v. State,* 126 Ala. 15, 28 South. 697. "Though the consanguinei of the wife are always related by affinity to the husband, and the consanguinei of the husband to the wife, it is to be remarked, on the other hand, that the consanguinei of the husband are not at all necessarily related to the consanguinei of the wife. * * * Nor is the husband related to the affines of the wife, nor vice versa."—2 Steph. Com. 285. For the error in allowing the state's challenge of this juror for cause, the judgment of conviction must be reversed.

A witness for the state having been asked on cross-examination, "Have you not been taking an interest in this prosecution?" answered, "Well, I have; only telling about who the witnesses were." The defendant's motion to exclude the last clause of the answer was properly overruled. The witness was sworn to speak the truth. the whole truth, and nothing but the truth. If it be conceded that the answer went beyond the inquiry, the witness' explanation of the extent of his activity was admissible and competent, and its allowance at the time was within the discretion of the court.

[Lowman v. The State.]

There was testimony to the effect that the deceased, some days before the killing, had gone to defendant's house in his absence, and had made an improper proposal to the latter's wife, which fact she had communicated to defendant; that defendant had advised with a brother of his wife about the wrong alleged to have been done to him by the deceased, and at the time of the killing had gone to the place where it occurred with Jim Cunningham, another brother of his wife, to see defendant about it. This brother was present at the killing. It was not denied that defendant had killed deceased by shooting him with a gun. In connection with these facts it was competent for the state to show that defendant and the last-named Cunningham had been shooting in the morning before the homicide, as tending in some slight degree to show preparation, and hence premeditation. But the evidence that the same Cunningham had fled from the scene after the killing was not competent. If the two had conspired to take the life of deceased, the blow had been stricken, the common purpose had been accomplished, and the subsequent acts of the accomplice were not admissible as evidence of the defendant's guilt. It shed no light on the fact or intent of defendant's act then past.—*Williams v. State,* 81 Ala. 1, 1 South. 179, 60 Am. Rep. 133; *Everage v. State,* 113 Ala. 102, 21 South. 404.

There had been evidence to show a community of purpose on the part of defendant and Andy Cunningham to do violence to the deceased. If it be conceded that this evidence, as it stood at the time of the admission of evidence of threats made by Andy in the absence of defendant, was insufficient to make out a prima facie case of conspiracy, and therefore that there was error in admitting the evidence of such threats, such error was harmless, for the reason that subsequent evidence

strengthened the showing of conspiracy to a degree which justified the action of the court.

The record does not make clear the theory upon which was admitted over the defendant's objection, after it had once been excluded, the testimony of Andy Cunningham, elicited by the state on cross-examination, as to a conversation between the witness and the deceased at White's mill on the day before the homicide. We do not see that it shed light upon the nature of the occurrence. We do not, however, rule that its admission was error, since much must be left to the discretion of the trial court in the control of cross-examination, and it requires a strong case to jusify reversal for too great latitude.—*Ingram v. State,* 67 Ala. 67.

Nor, on the other hand, are we given to understand the alleged error of the trial court in refusing to allow a state's witness to be asked on cross-examination whether he had been charged with running after other men's wives. It was proper to give in evidence the bad general character of the witness, or his bad character for truth and veracity, though ordinarily a witness would be spared the embarrassment of answering such questions in regard to himself; but it could not be shown in the way of original attack upon him, that on one or more occasions he had been charged with lewdness.—*Moore v. State,* 68 Ala. 360; *Rhea v. State,* 100 Ala. 119, 14 South. 853.

The defendant having, upon what seems to have been proper occasion (*Haley v. State,* 63 Ala. 83) and without objection from the state, brought forward a witness who testified to his good character for truth and veracity, the state, on cross-examination, asked the witness whether he had heard that the defendant had been accused of selling liquor. On cross-examination an impeaching witness can be questioned as to what he had

heard of acts or conduct likely to affect the character and reputation of the witness impeached, for the purpose of testing the source, extent, and soundness of his knowledge of general character.—*McCutchen v. Loggins*, 109 Ala. 457, 19 South. 810. Repeated violations of statute law will doubtless affect general character, which, when made the subject of proof in courts of justice, means the estimate in which one is held by the community, although the thing done may not be of positive moral quality in itself, and inoffensive in the absence of statute.

There was no error in the matter of charges given and refused. Charges refused to the defendant were either positively bad or were covered by charges given on his request.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.