# Smith *v.* The State.

## *Retailing Liquor Without License.*

### (Decided June 17, 1909.   49 South. 1029.)

1. *Witnesses; Cross Examination; Scope.*—It was beyond the legitimate scope of cross examination and totally lacking in relevancy to ask a witness on cross examination who had testified to a sale of liquor by the defendant, if he himself had not been selling whisky.

2. *Same; Credibility; Impeachment.*—The motives and credibility of the witness who had testified as to a sale of liquor by the deefndant, cannot be impeached by evidence of his own violation of the criminal law.

3. *Charge of Court; Covered by Those Given.*—The trial court will not be put in error for refusing charges substantially covered by written charges given.

4. *Same; Applicability to Evidence.*—Where the witnesses fixed the sale of the liquor on Memorial Day, but declined to state positively that it was on the 25th day of April, a charge asserting that unless the jury believe that the defendant sold the whisky on April 25, or thereabouts, he could not be convicted, was properly refused.

5. *Same; Reasonable Doubt.*—This court has often condemned as bad charges asserting that before the jury can convict, they must be satisfied to a moral certainty not only that the proof is consistent with the defendant's guilt, but wholly inconsistent with every other rational conclusion, and that unless the jury are so convinced by the evidence of the defendant's guilt, that they would each venture to act on that decision in matters of the highest concern and importance to themselves, they must find the defendant not guilty.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

John Smith was convicted of retailing spirituous, vinous or malt liquors without license and contrary to law, and he appeals. Affirmed.

The contents of charges 1, 2, and 4 are sufficiently stated in the opinion of the court. Charges 3, 5, and 6 are as follows:

"(3) I charge you, gentlemen of the jury, that unless you believe from all the evidence in this case that defendant sold the witness Kirby whiskey on the 25th day

[Smith v. The State.]

of April, 1908, between 12 and 1 o'clock, or thereabouts, he cannot convict the defendant."

"(5) I charge you, gentlemen of the jury, that the fact that the defendant worked at a still is no reason why you should convict the defendant. Unless you believe from all the evidence in the case that the defendant actually sold whiskey to J. J. Kirby on the 25th day of April, 1908, you should acquit him.

"(6) The court charges the jury that, before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; and, unless the jury is so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern or importance to his own interest, then they must find the defendant not guilty."

HOOTEN & OVERTON, for appellant.—Counsel discuss assignments of error, relative to evidence, but without citation of authority. They insist that charge 1 should have been given.—*Joe v. The State,* 38 Ala. 422. They also insist that charges 4, 5 and 6 should have been given.—*Johnson's Case,* 102 Ala. 1.

ALEXANDER M. GARBER, Attorney General, for the State.—Charges 4 and 6 were properly refused.—*Rodgers v. The State,* 117 Ala. 9. The Attorney General discusses other assignments, but without citation of authority.

SAYRE, J.—The witness for the state, having testified to a sale of whisky by the defendant, was asked by the defendant whether he had not himself been selling

whisky. The state's objection was sustained. The fact that the witness had been violating the law was, of course, totally lacking in relevancy to the issue whether defendant had sold whisky to him. If evidence had been allowed as to that fact, it would in turn have become a subject of controversy, thus obscuring the true issue and impeding the progress of the trial. Nor could the motives, and thus the credibility, of the witness, be impeached by evidence of violations of law by him.— *Crawford v. State,* 112 Ala. 1, 12 South. 214.

Among things which may be properly given to the jury in a special charge, charges 1, 2, and 4 asserted only the general proposition that the jury must be convinced of defendant's guilt beyond a reasonable doubt before a conviction be had. This had been stated to the jury in three different shapes in charges given at the request of the defendant. There was, in consequence, no error in refusing these charges.

Charges 3 and 5 were properly refused, for the reason that the state's witness had not positively fixed the date of the sale on April 25th. He had, however, fixed the time as on Memorial Day at Roanoke. The charges in question would seem to require the jury to acquit the defendant unless the sale occurred on April 25th, although it may have occurred in every substantial particular as the witness testified. They were properly refused.

There was no error in the refusal to give charge 6.— *Allen v. State,* 111 Ala. 88, 20 South. 490.

There is no error in the record, and the judgment of the trial court is affirmed.

DOWDELL, C. J. and McCLELLAN and MAYFIELD, JJ., concur.