## Cox v. The State.

### Violating Prohibition Law.

(Decided June 17, 1915. 69 South. 240.)

1. *Witnesses; Examination; Motive.*—Where it was not disputed that a state's witness was in the employment of the sheriff at $25 per week as a detective, to turn up tigers, the court properly sustained an objection to a question by the defendant on the cross, as to whether the witness was in the business from patriotic or money motives, or if he reported tigers for what he got for it.

2. *Same; Knowledge.*—Where a witness had testified to the good character of defendant, it was competent, on cross-examination, to ask the witness if he had not heard that defendant had been up before the mayor's court for a similar offense; thus tending to show the knowledge of the witness, the data upon which it was based, and its soundness.

APPEAL from Barbour Circuit Court.

Heard before Hon. MIKE SOLLIE.

Kit Cox was convicted of violating the prohibition law, and he appeals. Affirmed.

McDOWELL & McDOWELL, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—(1) The undisputed evidence showed that the state's witness Lucius Allen was in the employ of the sheriff of the county, R. B. Teal, as a de-

tective "to turn up tigers," and that he was paid $25 per week for this service by the sheriff, and there, was no abuse of the court's discretion resulting in prejudicial error to the defendant in sustaining the solicitor's objection to the questions propounded to the state's witness Allen on cross-examination asking him if he was in the business from patriotic or money motives, or if he reported tigers for what he got out of it.

(2) The defendant's witness Cliff Ventress had testified in behalf of the defendant at his instance that his character was good, and, although the ruling of the court on the question is not shown, we may say that it was proper for the court to permit the solicitor on cross-examination to ask the witness if he had not heard that the defendant had been up before the mayor's court for the same offense, for the purpose of showing the knowledge of the witness, eliciting the data upon which the opinion is based, and testing its soundness.—*Moulton v. State*, 88 Ala. 116, 6 South. 758, 6 L. R. A. 301.

Other rulings on the evidence do not show error or merit discussion. The general charge requested by the defendant was very properly refused.

We find no reversible error in the record.

Affirmed.