# Johnson v. The State.

### Violating Prohibition Law.

(Decided June 30, 1916. Rehearing denied August 1, 1916.
72 South. 561.)

1. **Evidence; Acts and Declarations of Defendant.**—Unless part of the res gestae, the acts and declarations of defendant before the offense are not admissible in his favor.

2. **Evidence; Entire Conversation.**—Where the state introduced a part of the conversation between defendant and the sheriff at the time the sheriff raided defendant's place for illegal liquor, defendant was entitled to introduce the remainder of the conversation.

3. **Appeal and Error; Harmless Error; Evidence.**—It is not harmful error to exclude testimony upon a point established by other uncontradicted evidence.

4. **Evidence; Good Character; Rebuttal.**—Where defendant introduced testimony of his general good character, and that he did not bear the general reputation of a liquor seller, it was competent for the state to show his reputation in these respects, and that it was bad.

5. **Witness; Impeachment; Conviction of Crime.**—It was error to permit a character witness of defendant to be cross examined as to whether witness had been recently convicted of the offense of selling liquor.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

G. O. Johnson was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

[Johnson v. The State.]

GRAY & WIGGINS, for appellant.  W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.— (1-3) The fact that the sheriff had, on occasions previous to the raid in which whisky was found at the defendant's livery stable, visited the stable at the defendant's request was wholly immaterial to any issue in the case.  If in fact the defendant kept liquors at his stable for sale in violation of the law, it is not reasonable to assume that he would request the sheriff to visit and inspect the place when there was a stock of liquors on hand.  The acts, declarations, and demeanor of the accused before the offense are not admissible in his behalf unless they are a part of the res gestæ.—*Jones v. State,* 181 Ala. 78, 61 South. 434.  If, however, the accused makes a statement or utters an exclamation which is spontaneous, and which is connected with the incidents of a criminal transaction and explanatory of it, it may be received through it is in his favor.—Underhill on Evidence, § 99; *Liles v. State,* 30 Ala. 24, 68 Am. Dec. 108.  Under this rule, the state having offered a part of the conversation between the sheriff and the defendant at the time of the raid, the defendant was entitled to bring out all that was said between them at that time; and on cross-examination of the witness Gray, he testified fully to the conversation, stating that the defendant told him, in substance, that he was glad that he (the sheriff) came down and got the stuff; that defendant helped to remove the whisky to the sheriff's office.  The testimony on this point was not disputed, and the ruling of the court, sustaining an objection to the question to the witness Shores, eliciting testimony as to this fact, was error without injury.—*Chandler v. State.* 12 Ala. App. 287, 68 South. 536.

(4) The defendant examined several witnesses who testified to his general good character, and that he did not have the general reputation of "a liquor seller."  After the defendant had made these phases of his general character an issue. it was competent for the state to show that his reputation in these respects was bad.—*Mitchell v. State.* 14 Ala. App. 46, 70 South. 991; *Cauley v. State,* 92 Ala. 71, 9 South. 456; *Cox v. State,* 13 Ala. App. 265, 69 South. 240.

The state was allowed to show by the witness Creel. who had testified to the defendant's good character, and that he did not

[Johnson v. The State.]

bear the reputation of "a liquor seller" that the witness had recently before giving his testimony been convicted of a like offense to that for which the defendant was on trial.—*McCormack v. State,* 133 Ala. 202, 32 South. 268; *Cox v. State, supra;* 40 Cyc. pp. 2658, 2665. The range of external circumstances from which probable bias may be inferred is almost infinite, and accurate, concrete rules are almost impossible of formulation to meet the exigencies of every case; and for this reason great latitude in the cross-examination of witnesses for the purpose of showing bias, interest, or prejudice must be left to the enlightened discretion of the trial court; and, as said in one of our cases: "The tendency of modern practice seems favorable to great latitude  *  *  *  in this regard."— *Marler v. State,* 68 Ala. 580. "Hence it must be a strong case to justify a reversal for allowing too great latitude in cross-examination."—*Cox v. State,* 162 Ala. 66, 50 South. 398; *Ingram v. State,* 67 Ala. 67; *Burger v. State,* 83 Ala. 39, 3 South. 319; *Lowman v. State,* 161 Ala. 47, 50 South. 43; 2 Wigmore's Evidence, § 945.

In the opinion of the writer, the record here shows no abuse of the discretion.

We find no error in the record, and the judgment of the trial court is affirmed.

Affirmed.

### ON APPLICATION FOR REHEARING BY DEFENDANT.

PELHAM, P. J., in which Evans, J., concurs, Brown, J., adhering to the original opinion, as amplified by him on this application for rehearing. The record in this case shows that one R. L. Creel, who was a character witness examined on behalf of the defendant as affecting his credibility as a witness, was required by the court, over the duly interposed objections and exceptions reserved on behalf of the defendant, to answer questions eliciting the fact that he had been recently convicted of the offense of selling liquor. After the defendant's counsel had, on proper and specifically stated grounds, objected to the question calling for this testimony from the witness, and had moved to exclude the answer, the court, against further duly interposed objection by the defendant, based upon proper grounds, permitted the state to pursue the inquiry further and show by the

cross-examination of the witness that he had been twice convicted of selling liquor—once in the city court and once in the circuit court.

(5) I entertain the opinion that the court committed error for which the case should be reversed in permitting the state, against the well-interposed and repeated objections of the defendant's counsel, on proper and specific grounds pointing out its infirmity, to introduce in evidence this illegal testimony, showing that the witness had been convicted of certain misdemeanors, as affecting his credibility as a witness. It is well settled that such proof is not proper as affecting the credibility of the witness, or for any other purpose.—*Gordon v. State,* 140 Ala. 29, 39, 36 South. 1009; *Smith v. State,* 129 Ala. 89, 29 South. 699, 87 Am. St. Rep. 47. Although great latitude is allowed on cross-examination, the court should confine it within proper bounds, and it was beyond the legitimate scope of cross-examination for the court to permit the witness to be asked if he had not himself been guilty of selling whisky.—*Smith v. State,* 161 Ala. 94, 49 South. 1029; *Smith v. State,* 159 Ala. 68, 48 South. 668.

Application for rehearing granted. Judgment of affirmance set aside. Reversed and remanded.

### ON REHEARING BY THE STATE.

In both of the cases of *Smith v. State,* 161 Ala. 94, 49 South. 1029 and *Smith v. State,* 159 Ala. 68, 48 South. 668, the defendants were convicted of violating the laws prohibiting the sale of liquors, and sought to reverse the judgments of the trial courts because the courts refused to allow the defendant to show that witnesses for the state had been guilty of making illegal sales—not convicted, and in each of those cases it was held error was not shown, and the judgments were affirmed. There is no conflict between these cases and the first opinion of the writer as amplified, holding that a judgment will not be reversed for extending the cross-examination to such matters. Furthermore, in these cases, it was the state's witnesses that were being cross-examined, and the fact of the witnesses being guilty of a like offense to that for which the defendant was on trial would have a tendency to show interest in favor of the defendant, rather than bias against him; hence the ruling of the court that such evidence was wholly irrelevant, it not being permissible for the

[Johnson v. The State.]

defendant to show that the state's witnesses are in sympathy with him. Independent of the question of the matter being within the sound discretion of the trial court on the principle stated in the authorities cited in the original opinion, and especially the recent case of *Cox v. State,* 162 Ala. 66, 50 South. 398, the writer is of the opinion that the evidence of the conviction of the witness for a violation of exactly the same character was admissible on other grounds: (1) The defendant, as he had a right to do, had put his character in issue to the extent of showing that it was not bad for selling liquor in violation of law. The witness had been called by the defendant to prove his good character in this respect, and had testified that it was good. The fact that the witness had been engaged in the same unlawful traffic charged against the defendant, and had been twice recently convicted, clearly shed light on his testimony and his estimate of the defendant's good character, and in weighing this evidence the jury were entitled to know this fact. It had a material tendency to show bias in favor of the defendant.—*Stahmer v. State,* 125 Ala. 72, 27 South. 311; *L. & N. R. R. Co. v. Jones,* 83 Ala. 386, 3 South. 902; *Long v. Booe,* 106 Ala. 570, 17 South. 716; *Fitzgerald v. State,* 112 Ala. 34, 20 South. 966. (2) It is universally recognized by the courts that the traffic in intoxicating liquors may be prohibited on the theory that such traffic tends to corrupt good morals, breed crime, hinder the administration of justice, impair physical and mental efficiency, and tends to produce degeneracy.—Freund's Police Power, § 204; *Carl v. State,* 87 Ala. 17, 6 South. 118, 4 L. R. A. 380; *Crowley v. Christensen,* 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620; *Mugler v. Kansas,* 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205; *South. Exp. Co. v. Whittle,* 194 Ala. 406, 69 South. 652. Where the state has in the interest of society prohibited and outlawed the traffic in intoxicating liquors for such reasons, can it be doubted that the willful violation of such a law involves moral turpitude, which is defined as:

"Anything done contrary to justice, honesty, principle, or good morals; an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or to society in general, contrary to the accepted and customary rules of right and duty between man and man."—*Moore v. State,* 12 Ala. App. 250, 67 South. 789; 27 Cyc. 912; 5 Words and Phrases, p. 4580; *Gillman v. State,* 165 Ala. 135, 51 South. 722.

It is not an offense that results from "transient ebullition of passion to which a higher order of men are liable," but it is one that results from a deliberate intention to violate and disregard the law for gain—the same motive that prompts the thief to take the property of another. For these reasons the writer is of the opinion that it is an offense involving moral turpitude, and that the fact that a repeated violation of the law was shown argues in favor of, rather than against, the admission of the evidence (*Lowman v. State,* 161 Ala. 52, 50 South. 43), and that the rehearing of the state should be granted.

PELHAM, P. J.—The brief filed on application for rehearing in behalf of the state makes the broad assertion that the cases cited in the opinion of the majority of the court do not conflict with the state's contention that the evidence of the witness himself having sold whisky is legal and admissible for the purpose of impeaching or showing the bias of the witness. We quote from two of the opinions of the Supreme Court cited in the majority opinion of this court. Justice SAYRE appositely says, in speaking for the court in *Smith v. State,* 161 Ala. 94, 49 South. 1029: "The witness for the state, having testified to a sale of whisky by the defendant, was asked by the defendant whether he had not himself been selling whisky. The state's objection was sustained. The fact that the witness had been violating the law was, of course, totally lacking in relevancy to the issue whether defendant had sold whisky to him. If evidence had been allowed as to that fact, it would, in turn, have become a subject of controversy, thus obscuring the true issue and impeding the progress of the trial. Nor could the motives, and thus the credibility, of the witness, be impeached by evidence of violations of law by him.—*Crawford v. State,* 112 Ala. 1, 12 South. 214." .

The majority opinion also cited the case of *Smith v. State,* 159 Ala. 68, 48 South. 668. We quote from the opinion in that case: "The defendant was indicted, tried, and convicted of selling liquor in violation of the prohibition law in Randolph county. McKissick, the principal witness for the state, testified that he bought a quart of whisky from the defendant on Tuesday after the first Sunday in June, and for it paid him $1. On cross-examination this witness was asked this question: 'You were arrested for selling whisky in Roanoke about the 1st of June

[Wray v. The State.]

yourself, weren't you? The court sustained the solicitor's objection to the question. In this ruling there was no error.—*Smith's Case,* 129 Ala. 89, 29 South. 699, 87 Am. St. Rep. 47; *Gordon's Case,* 140 Ala. 29, 36 South. 1009; *Wilkerson's Case,* 140 Ala. 165, 37 South. 265; *Williams' Case,* 144 Ala. 14, 40 South. 405."

In both of these cases of the Supreme Court from which we have quoted, the defendant, as here, was charged with the illegal sale of liquor.

Application overruled.