(73 South. 413)

## WIGGINS v. STATE. (4 Div. 527.)

(Court of Appeals of Alabama. April 2, 1918.)

1. CRIMINAL LAW ⊙⇒1170(1) — APPEAL — HARMLESS ERROR—EXCLUDING PREJUDICIAL EVIDENCE.

The tendency of excluded evidence, sought to be elicited on cross-examination of state's witness, that an indictment was pending against him for the same sale for which defendant was being tried, and that he had been convicted thereof in justice court, competent only on the question of bias or interest, was to show bias in favor of, rather than against, defendant.

2. WITNESSES ⊙⇒372(1) — INTEREST — AGREEMENT FOR IMMUNITY.

Excluding questions, on cross-examination of state's witness, whether an indictment was not pending against him for the same sale, and whether he had not been convicted thereof in justice court, did not impinge on defendant's right to show an agreement to extend immunity to witness.

3. CRIMINAL LAW ⊙⇒1170½(5) — APPEAL — HARMLESS ERROR—EXCLUSION OF EVIDENCE.

All the evidence tending to show state's witness participated in the sale charged against defendant, excluding questions, on his cross-examination, whether an indictment was not pending against him therefor, and whether he had not been convicted thereof in justice court, was harmless.

4. CRIMINAL LAW ⊙⇒815(1)—INSTRUCTIONS—IGNORING EVIDENCE.

Defendant's requested charge ignoring evidence of guilt was properly refused.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Leon Wiggins was convicted of illegal sale of whisky, and he appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant. F. Loyd Tate, Atty. Gen., and Davie W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. The evidence offered by the state tends to show that the defendant and the state's witness Glass both participated in the sale of the whisky to Jones. Some of it tended to show that the whisky belonged to defendant and that defendant put it in Glass' pocket, that Glass delivered the whisky to Jones, and defendant received the money therefor.

[1] On cross-examination, Glass was asked by the defendant if an indictment was not pending against him for the sale of the same whisky for which defendant was on trial, and if witness had not been tried and convicted for this offense in the justice court. The court sustained an objection to these questions, but subsequently allowed the witness to be recalled and examined, and he testified that there was an indictment pending against him in the trial court for this identical offense. If this evidence, elicited by the questions to which objections were sustained, was relevant, it was admissible solely for the purpose of showing interest or bias, and its tendency was to show bias in favor of rather than against the defendant. Johnson v. State, 15 Ala. App. 75, 72 South. 561; Id., 199 Ala. 255, 74 South. 366.

[2] If there was an agreement between the witness and the prosecution to extend the witness immunity if he testified in favor of the state, it was the right of defendant to show this; but the questions asked did not elicit such testimony.

[3] In view of the fact that all the evidence in the case, both that of the state and defendant, tended to show that Glass participated in the sale, and was indicted for the offense, if the ruling of the court was erroneous, it was clearly without injury.

[4] The affirmative charge was properly

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

refused. The other special charge ignores the evidence tending to show that both the defendant and Glass participated in the sale of the liquor to Jones, and was properly refused.

We discover no error in the record.

Affirmed.