(117 So. 617)

### STALLCUP v. STATE. (8 Div. 680.)

Court of Appeals of Alabama. March 20, 1928.

Rehearing Denied April 10, 1928.

A. H. Carmichael and T. H. Carmichael, both of Tuscumbia, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J. The charge on which this appellant was convicted was, briefly, that he took a bank check, which he either forged himself, or knew to be forged by another, purporting to be signed by one Nyhoff, to the Tennessee Valley Bank of Sheffield, Ala., and by representing and depositing it to his credit, as genuine, procured from said bank some $4,000 in money and other things of value.

The only disputed question in the case was whether or not appellant forged the Nyhoff check, or knew that it was forged when he deposited it in the bank. Nyhoff, who was away from Sheffield at the time of the transaction, denied giving appellant the check or signing it, or sending it to him, or authorizing any one else to do so for him. Appellant testified that he received the check by United States mail, in an envelope postmarked "Miami, Fla.," to which place Nyhoff had pre-

viously told him he was going, on the day the same was deposited in the bank; that Nyhoff was indebted to him in an amount exceeding the face of the check; and that he thought the check was genuine. He denied forging it, or knowing that it was forged, or that it was a forgery.

The night after the transaction with the bank, around which transaction the evidence shows were some unusual, and more or less suspicious, circumstances, appellant left Sheffield, and, traveling under several different assumed names, was finally apprehended in the state of Texas.

Nyhoff was present, and testified at the trial. Appellant offered in evidence a letter which he claimed to have received in the same envelope with the check which he testified was the check presented by him to the bank. This letter was signed "J. J. N." which appellant claimed was the signature of "John J. Nyhoff," the man whose name was signed to the check.

■■ The trial court sustained the state's objection to the introduction of said letter, and defendant excepted. We think the ruling of the trial court correct, for the following reasons: (1) It was not claimed the letter was in reply to any communication from appellant. And, where this is true, the same was not admissible without proof of "handwriting or authority" (Ex parte Edmunds, 203 Ala. 349, 83 So. 93), which proof was addressed to the court. Paysant v. Ware and Barringer, 1 Ala. 161. The trial court, who heard and saw the witness, holding that this preliminary proof was insufficient to show, prima facie, that the letter was either written or signed by Nyhoff, or by his authority, we are unwilling to hold, under the familiar rules that he was in error. (2) The alleged sender, or writer, of the letter being present and in court, and having testified, the letter offered was inadmissible as impeaching testimony before and unless it was first presented to Nyhoff, and he given an opportunity to affirm or deny its authenticity.

■ There was no error in refusing to allow appellant to give testimony as to remarks made by him to one Mauzey, an agent of Nyhoff's, on the day of the bank transaction above referred to, and prior to said transaction. Johnson v. State, 15 Ala. App. 75, 72 So. 561.

A great many exceptions were reversed by appellant on the trial. He was represented by able counsel, who have filed a brief on this appeal.

We have examined the ruling underlying each exception. Nowhere do we find the trial court to have committed prejudicial error. It could serve no useful purpose to take up space discussing each ruling. Appellant appears to have had a fair trial, and the judgment of conviction is affirmed.

Affirmed.