Elbert Doyle Woodard was convicted of robbery, sentenced to forty years' imprisonment, and fined $5,000. Four issues are raised on appeal.
 I
The defendant argues the insufficiency of the evidence to support the conviction because "the identification of the Defendant could not have been made beyond a reasonable doubt because the face of the Defendant was covered at all times while in the presence of the witnesses." This argument overlooks the defendant's confession *Page 2 
wherein he admitted his participation in the three-man robbery.
 II
The victim, Jackie Moss, had a criminal charge pending against her at the time of trial for the sale of marijuana to minors. The trial judge granted the State's pretrial motion in limine to prevent defense counsel from mentioning this charge before the jury. Since the offense does not involve moral turpitude and was only pending, it could not have been used to impeach her credibility. However, the defendant argues that he should have been permitted to ask her about the pending charge in order "to show bias toward the State possibly of maybe some kind of deal has been struck with her for testimony in this case or dismissal or whatever could possibly come up for her cause that's pending."
"It is always permissible to cross-examine a witness to ascertain his interest, bias, prejudice or partiality concerning the matters about which he is testifying. . . . The rule is also stated that, generally, anything which tends to show bias, unfriendliness, enmity, or inclines a witness to swear against a party, is admissible." Nichols v. State,276 Ala. 209, 214, 160 So.2d 619 (1964). However, the subject of the cross-examination must be such as "would reasonably give rise to an inference that the witness is biased." C. Gamble,McElroy's Alabama Evidence §§ 149.01 (9) and (10) (3rd ed. 1977). The fact that a witness has merely been indicted for an offense unrelated to the crime charged against the accused is not such a bias creating fact. In a prosecution for selling liquor without a license, cross examination of a defense witness showing that there was an indictment pending against him for public drunkenness was error: "Between the fact so elicited and the offense charged against defendant there was no such connection as would warrant an inference that the witness was interested or biased; nor is there any phase of the case which could have been in the least illumined by such fact."Wilkerson v. State, 140 Ala. 165, 37 So. 265, 265-66 (1904). In a prosecution for violating the prohibition law, evidence that charges of a similar nature were pending against a state witness "was not relevant for any purpose" and did not "have a tendency to show bias or interest of the witness in favor of the cause or the person on trial." Webster v. State,19 Ala. App. 587, 100 So. 201 (1924). See also Smith v. State,159 Ala. 68, 48 So. 668, 669 (1909).
However, it must be recognized that in some cases the fact that a witness has been indicted for an offense may be a relevant and a proper subject of cross examination, at least where the offenses are factually related or where the particular facts furnish a reasonable inference of interest or bias. Moody v. State [Ms. 7 Div. 518, April 22, 1986] (Ala.Cr.App. 1986).
 "The general rule prevailing in a great majority of jurisdictions is that, subject to certain exceptions hereinafter noted, it is not permissible to show that a witness has been arrested, or that he has been charged with or prosecuted for a criminal offense, or confined in jail or prison, or to inquire as to such fact upon cross-examination, where no conviction is shown, for the purpose of impairing his credibility."
* * * * * *
 "It is generally held, even in jurisdictions where such evidence is not ordinarily admissible, that the fact that a witness has been arrested or charged with crime may be shown or inquired into where it would reasonably tend to show that his testimony might be influenced by interest, bias, or a motive to testify falsely. This principle has been held applicable in cases where criminal charges are pending in the same court against a witness for the prosecution in a criminal case at the time he testifies, as a circumstance tending to show that his testimony is or may be influenced by the expectation or hope that, by aiding in the conviction of the defendant, he would be granted immunity or rewarded by leniency in the disposition of his own case. But it has been *Page 3 
held that the pendency of charges against the witness in another county or jurisdiction cannot be shown under this theory of admissibility.
 "There are decisions to the effect that evidence of an arrest or accusation in connection with the transaction out of which the trial arose is admissible as tending to show interest or bias on the part of the witness, or a motive for testifying falsely. Conversely, the exclusion of such evidence has in some instances been predicated upon the fact that the offense charged against the witness was distinct from and unrelated to the transaction out of which action arose. In other cases, however, the rule of exclusion has been applied notwithstanding that the offense charged against the witness was connected with or related to the transaction or occurrence out of which the trial arose." 81 Am.Jur.2d Witnesses § 587 at p. 594 and § 589 at pp. 597-98 (1976).
 III
It is argued that the District Attorney's Office was "disqualified" from prosecuting the defendant because it had pending charges against the victim of the defendant's crime and the victim testified at the defendant's trial. It is the duty of a district attorney "to prosecute all indictable offenses." Alabama Code 1975, § 12-17-184 (2). This Court knows of no "conflict of interest" which arises when a district attorney uses a witness in a criminal trial who is also facing criminal charges.
 IV
The defendant gave a tape-recorded statement to Anniston Police Detective Steve Robertson. The defendant argues that his confession should not have been admitted into evidence because Detective Robertson allegedly told him that he "would probably get around two to twenty" years' imprisonment when the minimum for "armed robbery in the first degree" is twenty years' imprisonment. The defendant testified that he gave the statement "because of the range of punishment."
The detective testified that he did not remember discussing the range of punishment with the defendant.
The detective's alleged statement that the defendant "would probably get around two to twenty" was not such an inducement or implied promise of leniency, even if actually made, that would render the confession inadmissible. Where a police officer stated his opinion, which was erroneous, that the defendant would be charged with first degree murder as opposed to capital murder, it was held, "It is evident that there was no inducement in this statement as contemplated by Womack [v.State] 281 Ala. 499, 205 So.2d 579 (1967)], nor is there any indication that the methods employed by the interrogating officers were calculated to produce an untrustworthy confession." Ex parte Singleton, 465 So.2d 443, 446 (Ala. 1985). For those same reasons, we find no improper inducement or implied promise of leniency in this case.
The transcript of the defendant's confession was properly admitted into evidence even though the original tape recording had been destroyed, because the officer who listened to the confession at the time of the recording testified that the transcript accurately reflected the conversation. Ex parteKennedy, 472 So.2d 1106, 1113 (Ala.), cert. denied, ___ U.S. ___ 106 S.Ct. 340, 88 L.Ed.2d 325 (1985).
The fact that the transcript of the defendant's statement did not reflect a conversation between the defendant and Detective Robertson had before the tape recorder was turned on affects the credibility and weight to be given the statement but not its admissibility. Phillips v. State, 409 So.2d 918, 921
(Ala.Cr.App. 1981). "The state is not required to prove all that the accused said when he confessed because the accused himself has the right to prove the remainder of his statement."McElroy, § 200.17. *Page 4 
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.