The appellant, Shirley Brown, was indicted by the grand jury for the murder of Joseph Charles Brown, in violation of §13A-6-2, Code of Alabama 1975. A jury found the appellant guilty of the lesser included offense of manslaughter. The appellant was sentenced to 20 years' imprisonment, was fined $1000, and was ordered to pay restitution, a fee to the Victims' Compensation Fund, and court costs.
The testimony of Willie Howard tended to show that the appellant and the victim, Joseph Charles Brown, were married but that they were separated at the time of the killing. The appellant was having an affair with Mr. Howard, who was also a friend of the Mr. Brown's. Mr. Brown was fully cognizant of Mr. Howard's relationship with his wife and remained friends with Mr. Howard.
On January 4, 1992, Mr. Howard and Mr. Brown had been drinking whiskey, beer, and wine together throughout much of the day, but they separated when Mr. Brown visited other friends. Mr. Howard later went to the appellant's house trailer and was drinking vodka and listening to music. The appellant was not home at the time. Shortly thereafter, Mr. Brown arrived and drank vodka with Mr. Howard. Some evidence tended to show that on an earlier occasion, Mr. Brown had tried to break into the appellant's house trailer using an axe. When the appellant arrived home and saw Mr. Brown in the trailer, she told him to leave. Mr. Brown refused to leave, and the appellant and Mr. Brown argued. The appellant at one time swung an *Page 1113 
axe toward Mr. Brown, but Mr. Howard took the axe from her and put it in the back room of the house trailer. The arguing continued and the appellant told her husband to leave four or five times. The husband then went down the hall toward the back room and the appellant followed. When the appellant returned from the rear of the trailer, she told Mr. Howard that she had stabbed Mr. Brown. Mr. Howard testified that he did not see what happened and that he was intoxicated at the time.
Mr. Howard took Mr. Brown to another house trailer to call for help. Mr. Howard called the police and within minutes the appellant also called the police. The appellant explained to the police that Mr. Brown had "jumped on" her and that she had stabbed him. Mr. Brown died from the stab wound to his chest.
Toxicology reports established that Mr. Brown's blood tested positive for cocaine. Further, tests established that his blood contained .180 percent alcohol. A police officer testified that a person using both cocaine and alcohol at the same time may become belligerent and violent.
The appellant argued self-defense at trial. At the conclusion of the trial, the appellant requested the following jury charge:
 "I charge you, members of the jury, that if you believe from the evidence that the deceased at the time of his death was under the influence of alcohol, and that as a result of being under such influence, the deceased was aggressive, or belligerent, or quarrelsome, then you should consider such facts in determining whether or not the Defendant acted in self-defense in killing the deceased, as I have explained the law governing self-defense to you."
The trial court refused to give the charge, and the appellant timely objected to the refusal.
The only issue raised on appeal is whether the trial court erred to reversal by refusing to instruct the jury on the effect of the victim's intoxication.
We hold that the trial court committed reversible error when it refused to give the requested charge. In Quinlivan v. State,555 So.2d 802 (Ala.Crim.App. 1989), this court held that a homicide defendant, arguing self-defense, was entitled to a jury instruction on the victim's intoxication at the time of the fatal altercation between the defendant and the victim. Id.
at 805 (citations omitted). In Quinlivan, we reversed the trial court's judgment because it had refused to give the jury the very same charge at issue in this case.
In Smith v. State, 594 So.2d 224 (Ala.Crim.App. 1991), we followed the principle that "[t]he accused in homicide may prove the intoxication of the deceased as tending to show deceased's aggressive and fearsome conduct at the time of the homicide, provided evidence is offered which warrants a finding of self-defense." Id. at 226 (quoting C. Gamble, McElroy'sAlabama Evidence § 60.03(1)(c) (3d ed. 1977)). Smith also involved the same requested jury instruction, and we reversed the trial court's judgment based on its decision not to give the instruction. Id. Thus, where the evidence would support a reasonable inference of self-defense, such an instruction should be given if requested and if the evidence supports it.Id.
In this case, there was evidence to support a reasonable inference of self-defense. The appellant and the victim were arguing immediately before the incident. There was some evidence that the victim had previously tried to break into the appellant's trailer. There was evidence that the victim was taking cocaine and that he had been drinking heavily when the killing occurred. Testimony from a police officer indicated that a person who takes cocaine and drinks alcohol at the same time may become belligerent and violent. The appellant, in her statement, alleged that the victim attacked her. Because there was sufficient evidence to support a reasonable inference of self-defense, and evidence to support a charge on the victim's intoxication, the requested charge should have been given.
The judgment of the trial court must be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur. *Page 1114