Patricia Stevenson was indicted for murder under § 13A-6-2, Ala. Code 1975. A jury convicted her of the lesser included offense of manslaughter, and she was sentenced to 20 years' imprisonment. Stevenson was ordered to pay $100 to the victims compensation fund, and $3,210 in restitution to the sister of the victim. Stevenson filed a motion for new trial, which the trial court denied. On appeal, Stevenson contends that the trial court committed reversible error 1) by refusing a requested jury charge regarding the deceased's intoxication at the time of the offense, 2) by failing to admit into evidence photographs of a knife found at the scene, and 3) by excusing a juror after closing arguments, at the State's request.
The testimony at trial indicated that the victim, Sonya Byrd, had just picked her children up from school and was driving near her mother's home when she saw Stevenson walking near a store where they were stopping. She stopped her vehicle and she and Stevenson exchanged words regarding money Stevenson owed Byrd's son. Byrd then drove to her mother's home.
When Byrd entered her mother's neighborhood, she again saw Stevenson. Stevenson was outside Stevenson's home, and Byrd stopped the car and the two again exchanged words. Byrd got out of the car; the two argued, and the women began fighting. Stevenson testified that Byrd pulled out a knife and tried to stick her with it. Stevenson then went inside her house, and Byrd said, "Bring it on, bitch!" When Stevenson came out of her house with the gun, Byrd got in her car and started the engine. As Stevenson fired shots, Byrd's car moved toward Stevenson at a speed of 10-20 miles per hour, knocking down a fence. It eventually came to rest in Stevenson's yard. Byrd was pronounced dead at the scene from a gunshot wound. Stevenson argued that she shot in self-defense because she believed Byrd was trying to run over her with her car.
Dr. Robert Brissie, Jefferson County Coroner, testified that toxicology tests performed on Byrd indicated that her blood alcohol level at the time of her death was .16. Dr. Brissie also testified that drug screens indicated that Byrd had a small amount of cocaine in her system at the time of death. Dr. Brissie also stated that tests showed the presence of cocaine metabolite, indicating that the alcohol and cocaine were consumed in the same time frame.
 I.
Stevenson first argues that the trial court erred when it refused to give a jury instruction she had requested regarding the victim's intoxication. Stevenson argued at trial that she shot Byrd in self-defense, and the trial court charged the jury on self-defense. Stevenson also requested the following jury charge: *Page 455 
 "The Court charges the jury that if you believe from the evidence that the deceased at the time of his or her death was under the influence, the deceased was aggressive, or belligerent or quarrelsome, then you should consider those facts in determining whether or not the defendant acted in self-defense in killing the deceased as I have explained the law governing self-defense to you."
(C.R. 37.)
The trial court refused to give this charge and Stevenson timely objected to its refusal.
On appeal, the State concedes that it was error for the trial court not to give the instruction, but argues that the refusal of the intoxication instruction was harmless error. The State argues that evidence of the decedent's high blood alcohol level was presented throughout the trial. The State contends that the jury was fully aware of the fact that the decedent was intoxicated, and that the jury quite probably used its common sense in weighing the evidence of Byrd's intoxication and its influence on the altercation and on Stevenson's mental state. Therefore, the State contends, the lack of a jury instruction on how to use evidence of the victim's intoxication was harmless. We disagree. The trial court committed reversible error when it refused to give the requested charge.
"A defendant is permitted to demonstrate, under a theory of self-defense, that the victim was under the influence of alcohol at the time of the fatal altercation." Quinlivan v. State, 555 So.2d 802, 805
(Ala.Crim.App. 1989). Likewise, we have held that a defendant should be allowed a jury instruction regarding the intoxication of the deceased, to show tendencies towards aggression, when the evidence would support a reasonable inference of self-defense. Brown v. State, 627 So.2d 1112
(Ala.Crim.App. 1993); Smith v. State, 594 So.2d 224 (Ala.Crim.App. 1991); Quinlivan v. State, supra. In Brown, we reversed the trial court's judgment when it refused to give an instruction almost identical to the one requested in this case.
 "In Smith v. State, 594 So.2d 224 (Ala.Crim.App. 1991), we followed the principle that `[t]he accused in homicide may prove the intoxication of the deceased as tending to show deceased's aggressive and fearsome conduct at the time of the homicide, provided evidence is offered which warrants a finding of self-defense.' Id. at 226 (quoting C. Gamble, McElroy's Alabama Evidence § 60.03(1)(c) (3d ed. 1977)). Smith also involved the same requested jury instruction, and we reversed the trial court's judgment based on its decision not to give the instruction. Id. Thus, where the evidence would support a reasonable inference of self-defense, such an instruction should be given if requested. . . . Id.
627 So.2d at 1113.
The evidence here indicated that the victim was intoxicated at the time of the altercation. Under similar circumstances, this Court has reversed convictions when the trial court failed to instruct the jury on intoxication. E.g. Brown v. State, supra; Bridges v. State, 504 So.2d 1223
(Ala.Crim.App. 1987).
In this case, there was evidence to support Stevenson's claim that she was acting in self-defense. Stevenson and Byrd were arguing immediately before the incident. Toxicology reports indicated that the victim had a large amount of alcohol to drink and had ingested a small amount of cocaine before the altercation. Stevenson alleged in her testimony that Byrd had told her she was going to run over her with the car. She also stated that she thought Byrd was about to run over her when she shot at the vehicle. Because *Page 456 
Byrd's intoxication was critical to Stevenson's claim of self-defense, the jury should have been instructed on how to evaluate evidence of the victim's intoxication. Therefore, we hold that the trial court committed reversible error when it refused to give the requested charge.
 II.
Although we are reversing the trial court's judgment for the reasons stated above, we address the following issue because it is likely to be an issue at a new trial: Whether the trial court erred in not allowing into evidence three photographs of a knife found the day after the incident near the scene of the killing?
It is well settled that "`a determination of admissibility of evidence rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of an abuse of discretion.'"State v. Mason, 675 So.2d 1, 3 (Ala.Crim.App. 1993) (quoting Jennings v.State, 513 So.2d 91, 95 (Ala.Crim.App. 1987)). Charles W. Gamble,McElroy's Alabama Evidence § 21.01(6) (5th ed. 1996) provides:
 "Whether evidence is to be excluded . . . lies within the sound discretion of the trial judge. . . This is where such power should lie because, unless some discretion is vested in the trial judge, every ruling upon the admissibility of a particular fact, of a kind above-mentioned, becomes a law unto itself. If any particular rule of evidence runs into numerous borderline cases, we must either give the trial court some discretion in applying it or admit that the rule is not workable at all."
We find no error in the trial court's refusal to admit the photographs into evidence.
While the defendant testified at trial that the victim had attempted to stab her with a knife during the altercation, she could not identify the knife in the defense photographs as the one that was used. The only witness who could identify the knife could identify it only as the one she found the day after the altercation in the area of the killing. There was no testimony to connect the knife with the altercation itself.
Therefore, the trial court did not abuse its discretion when it excluded from evidence the photographs of a knife found near the scene the day after the altercation.
 III.
Stevenson also claims that she was prejudiced when the trial court excused a juror who had fallen asleep during closing arguments. Because we are reversing the judgment on another issue, it is not necessary to reach the merits of this issue.
 IV.
The judgment of the trial court must be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur. *Page 1070