878 So.2d 1202 (2002)
David Lee PHELPS
v.
STATE of Alabama.
CR-01-0186.
Court of Criminal Appeals of Alabama.
June 28, 2002.
*1203 John Paul Weber, Tuscaloosa, for appellant.
William H. Pryor, Jr., atty. gen., and Marc A. Starrett, asst. atty. gen., for appellee.
PER CURIAM.
On June 14, 2001, David Lee Phelps was convicted of unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975, and unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala.Code 1975. The trial court sentenced him, as an habitual offender, to 15 years' imprisonment in each case; those sentences were to run concurrently. See §§ 13A-5-9(a)(1) and (2), Ala.Code 1975. Those sentences were split, and Phelps was ordered to serve three years' imprisonment and eight years' probation. In each case, the trial court ordered Phelps to pay a $50 Victims Compensation Assessment, a $1,000 Demand Reduction Assessment, $100 to the Alabama Forensic Trust Fund, and other fines and court costs. Phelps made an oral motion for a judgment notwithstanding the verdict, which the trial court summarily denied. This appeal followed.
Officers of the West Alabama Narcotics Task Force ("WANS") received information from a confidential informant, Lisa Weaver,[1] that Phelps was selling the controlled substance Lortab. Weaver had acted as an informant for WANS officers on at least three previous occasions. WANS conducted a sting operation by having Weaver purchase 10 Lortab tablets from Phelps. The police recorded the transaction with the use of audio surveillance equipment and then arrested Phelps.
On appeal, Phelps makes two arguments: (1) that the trial judge erroneously prevented him from introducing defendant's exhibits 1-6, independent evidence *1204 other than a certified copy of a prior criminal conviction that attacked Weaver's credibility by showing her bias, prejudice, or interest in the verdict in the case; and (2) that the trial court improperly limited his cross-examination of Weaver. We disagree.
The evidence at trial revealed the following. Agent Joseph Fleenor is a special agent with WANS. Agent Fleenor testified about his extensive experience with confidential informants. Agent Fleenor testified that some people become informants for money, but that most people who act as informants do so because WANS has previously made a case against them, and that by acting as informants, they hope to receive favorable consideration in their cases. Agent Fleenor testified that in May 1999, he and another officer, Sergeant Snyder, investigated a case against Weaver. Weaver was suspected of forging a prescription to obtain controlled narcotics from a pharmacy. Weaver contacted Agent Fleenor and offered to work as a confidential informant to avoid being charged in the forgery. Agent Fleenor testified that he knew Weaver, and that he had previously allowed her to work on some cases involving the sale of narcotics. Agent Fleenor said that he told Weaver that if she cooperated, her case might be dismissed. Weaver assisted in three cases for Agent Fleenor and in cases for two other agents.
In addition to Agent Fleenor's testimony about Weaver's forgery charge, Weaver admitted that she contacted Agent Fleenor because, approximately a month before Phelps's arrest, she "had forged a prescription and [she] didn't need another charge on [her]." (R. 85.) Weaver testified that she had worked with WANS to get out of trouble two or three times before this instance. She testified that, at the time of her testimony in Phelps's trial, she was serving a sentence for a conviction of third-degree robbery, but that she had been on probation before that charge, and that her probation had been revoked when she was charged with the robbery.
At trial, Phelps offered six documents that he claimed showed specific instances where Weaver had received favorable treatment or had avoided criminal liability, by assisting WANS in cases. Defense exhibit 1 was a certified copy of a case action summary sheet from Weaver's conviction for third-degree robbery. The case action summary sheet also contained notes of plea negotiations and other pending charges. The trial judge admitted as defense exhibit 1-A, a redacted version of the exhibit showing Weaver's guilty plea to the robbery charge. Defense exhibit 2 was a motion to dismiss a charge of unlawful possession of a controlled substance. Apparently the motion indicated that the charge was to be dismissed at the request of a WANS officer. The prosecutor argued that Weaver had testified that she had previously assisted WANS and that she had received favorable treatment in previous cases, but that defense exhibit 2 did not indicate the disposition of that case. Defense exhibit 3 was an indictment for unlawful possession of a controlled substance in the same case against Weaver as exhibit 2. Defense exhibit 4 was a motion to dismiss a charge of second-degree theft based on information provided by a WANS officer. The prosecutor argued that the note from the WANS officer attached to the motion to dismiss also set out facts indicating that Weaver was not guilty of that charge and that that was the reason the theft charge was dismissed. Defense exhibit 5 was an indictment in the theft case referenced in exhibit 4. Defense exhibit 6 was a parole officer's probation delinquency report that indicted that Weaver was charged with obstructing governmental operations by posing as a *1205 WANS officer, that Weaver had committed several offenses of theft, and that she had relapsed on narcotics and was committing thefts. The prosecutor argued that the report was not a certified copy of a conviction, and that a lesser burden of proof was required in a probation revocation. The trial judge disallowed all but the redacted version of exhibit 1, admitted as exhibit 1-A.
In Stevenson v. State, 794 So.2d 453 (Ala.Crim.App.2001), this Court stated:
"It is well settled that '"a determination of admissibility of evidence rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of an abuse of discretion."' State v. Mason, 675 So.2d 1, 3 (Ala.Crim.App.1993)(quoting Jennings v. State, 513 So.2d 91, 95 (Ala.Crim.App.1987)). Charles W. Gamble, McElroy's Alabama Evidence § 21.01(6)(5th ed.1996) provides:
"`Whether evidence is to be excluded ... lies within the sound discretion of the trial judge ... This is where such power should lie because, unless some discretion is vested in the trial judge, every ruling upon the admissibility of a particular fact, of a kind above-mentioned, becomes a law unto itself. If any particular rule of evidence runs into numerous borderline cases, we must either give the trial court some discretion in applying it or admit that the rule is not workable at all.'"
794 So.2d at 456. In Reeves v. State, 807 So.2d 18 (Ala.Crim.App.2000), this Court stated:
"It is well settled that `[a] party is entitled to a thorough and sifting cross-examination of the witnesses against him,' McMillian v. State, 594 So.2d 1253, 1261 (Ala.Crim.App.1991), remanded on other grounds, 594 So.2d 1288 (Ala.1992), opinion after remand, 616 So.2d 933 (Ala.Crim.App.1993), citing Perry v. Brakefield, 534 So.2d 602 (Ala.1988), and § 12-21-137, Ala.Code 1975, and that a party should be given `wide latitude on cross-examination to test a witness's partiality, bias, intent, credibility, or prejudice, or to impeach, illustrate, or test the accuracy of the witness's testimony or recollection as well as the extent of his knowledge.' Williams v. State, 710 So.2d 1276, 1327 (Ala.Crim.App.1996), aff'd, 710 So.2d 1350 (Ala.1997), cert. denied, 524 U.S. 929, 118 S.Ct. 2325, 141 L.Ed.2d 699 (1998). It is equally well established, however, `that the latitude and extent of cross-examination are matters which of necessity rest largely within the sound discretion of the trial court, and rulings with respect thereto will not be revised on appeal except in extreme cases of abuse.' Long v. State, 621 So.2d 383, 388 (Ala.Crim.App.1993), cert. denied, 510 U.S. 932, 114 S.Ct. 345, 126 L.Ed.2d 310 (1993), quoting Beavers v. State, 565 So.2d 688, 689 (Ala.Crim.App.1990). `The trial judge may reasonably limit the range of cross-examination on matters that are repetitious, argumentative, collateral, irrelevant, harassing, annoying, or humiliating.' Newsome v. State, 570 So.2d 703, 714 (Ala.Crim.App.1989). `On appeal, the party claiming an abuse of such discretion bears the burden of persuasion.' Ross v. State, 555 So.2d 1179, 1180 (Ala.Crim.App.1989), quoting Hembree v. City of Birmingham, 381 So.2d 664, 666 (Ala.Crim.App.1980).
"Rule 616, Ala.R.Evid., provides that `[a] party may attack the credibility of a witness by presenting evidence that the witness has a bias or prejudice for or against a party to the case or that the witness has an interest in the case.' Generally, this rule permits cross-examination, *1206 and the introduction of independent evidence, regarding statements, acts, or relationships indicating bias or prejudice, including arrests, indictments, and pending charges that have not resulted in convictions even though such `bad acts' are generally inadmissible under Rules 608 and 609, Ala.R.Evid. See, e.g., C. Gamble, McElroy's Alabama Evidence, § 149.01(8)(a) (5th ed.1996). However, the arrests, indictments or pending charges must have a tendency to show bias or prejudice on the part of the witness in order to be admissible."
807 So.2d at 38-39. This Court, in Reeves, continued:
"Furthermore, although `[i]t is always permissible to cross-examine a witness to ascertain his interest, bias, prejudice or partiality concerning the matters about which he is testifying ... [t]he fact that a witness has merely been indicted for an offense unrelated to the crime charged against the accused is not such a bias-creating fact.' Woodard v. State, 489 So.2d 1, 2 (Ala.Crim.App.1986). Only where '"the offenses are factually related or where the particular facts furnish a reasonable inference of interest or bias"' is the fact that a witness has charges pending a proper subject of cross-examination. Beavers v. State, 497 So.2d 612, 617 (Ala.Crim.App.1986), quoting Woodard, 489 So.2d at 2. See also Baker v. State, 568 So.2d 374 (Ala.Crim.App.1990); and Moody v. State, 495 So.2d 104 (Ala.Crim.App.), cert. denied, 495 So.2d 110 (Ala.1986)."
807 So.2d at 39.
Weaver testified about her previous involvement with WANS, and about the forged prescription that led to her contacting Agent Fleenor and to her assisting WANS in conducting a controlled purchase of Lortab tablets from Phelps. Phelps was allowed, over the prosecutor's objection, to question Weaver about the forged prescription. Nothing in the record or in Phelps's brief on appeal reflects an abuse of discretion by the trial judge's limitation of Phelps's cross-examination of Weaver regarding prior crimes committed several years before the current charges against Phelps. The jury was presented with testimony that Weaver had, on two or three previous occasions, provided assistance to WANS in order to receive favorable treatment or the dismissal of previous charges. Evidence at trial also indicated that Weaver forged a prescription, that the police began an investigation, that she contacted WANS, and that Agent Fleenor told her that she might receive favorable treatment if she provided assistance in this case. Thus, the jury was, in fact, advised of the potential of bias on the part of Weaver, and allowed to assign whatever weight it saw fit to Weaver's testimony. We find no abuse of discretion in the trial judge's limiting Phelps's cross-examination of Weaver or in the trial judge's ruling defense exhibits 1-6 inadmissible and admitting only defense exhibit 1-A.
Though we affirm Phelps's convictions, we remand this cause to the circuit court for that court to clarify for the record whether the mandatory penalty required by § 13A-12-250, Ala.Code 1975, was imposed in the distribution case. Before trial, the prosecution provided written notice of its intent to seek enhancement of Phelps's sentence in that case pursuant to § 13A-12-250, Ala.Code 1975. At trial, the prosecution presented evidence that the unlawful distribution occurred within three miles of a school. Agent Fleenor testified that he had checked the calibration of his odometer the same day that he measured the distance between the school and the transaction. According to Agent Fleenor's testimony, the transaction occurred less than one mile from Maxwell *1207 Elementary School. (R. 151.) Phelps was sentenced to 15 years in each case, and those sentences were split and Phelps was ordered to serve three years in prison, and eight years on probation. The trial judge's sentencing order does not indicate whether, with regard to the distribution conviction, the enhancement was applied and suspended, or not applied at all.
Furthermore, the trial court's written order includes the assessment of a $1,000 fine in each count, pursuant to § 13A-12-281, Ala.Code 1975. However, before trial, the prosecution gave notice that Phelps had a prior conviction for the unlawful distribution of a controlled substance. Section 13A-12-281(a) requires the imposition of a $2,000 fine for each violation for second or subsequent offenders.
Thus, this cause is remanded to the trial court with directions for that court to impose the mandatory $2,000 Demand Reduction Assessment on each conviction pursuant to § 13A-12-281 and to clarify the sentence imposed on the distribution conviction regarding the enhancement pursuant to § 13A-12-250. If, on remand, the circuit court determines that the enhancement was not imposed, that court is directed to conduct any hearings necessary to impose it accordingly.[2] A return to remand shall be filed with this Court within 56 days of the date of this opinion. The return to remand shall include a record of any proceedings conducted by the trial court.
AFFIRMED AS TO CONVICTIONS; REMANDED WITH DIRECTIONS AS TO SENTENCING.[*]
McMILLAN, P.J., and BASCHAB and WISE, JJ., concur. COBB and SHAW, JJ., concur in part and dissent in part from the rationale, and concur in the result.
COBB, Judge, concurring in part and dissenting in part from the rationale, and concurring in the result.
I concur in affirming Phelps's convictions for unlawful distribution of a controlled substance and unlawful possession of a controlled substance; I also agree that this cause is due to be remanded for the trial court to impose the $2,000 Demand Reduction Assessment on each count and for that court to clarify whether it enhanced Phelps's sentence on the distribution count pursuant to § 13A-12-250, Ala.Code 1975. However, if the trial court did in fact enhance Phelps's sentence, I would instruct that court to resentence Phelps without applying the enhancement.
I continue to believe that this sentence enhancement must be charged in the indictment and proved to the jury beyond a reasonable doubt, and that the failure to charge this sentence enhancement in the indictment is a jurisdictional defect that this Court should notice and remedy on appeal. See Judge Shaw's special writing in Poole v. State, 846 So.2d 370, 389 (Ala.Crim.App.2001), with which I concurred as to this issue. As to those points on which I disagree with Judge Shaw, see my special writing in Poole, 846 So.2d at 389.
I acknowledge that the United States Supreme Court has released its decision in United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), in *1208 which that Court held, among other things, that, based on federal caselaw, a defective indictment does not deprive a trial court of its subject-matter jurisdiction to hear a case. The Court based this holding on federal caselaw "`that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.'" United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002), quoting United States v. Williams, 341 U.S. 58, 66, 71 S.Ct. 595, 95 L.Ed. 747 (1951). However, under Alabama law, this Court has held that a defective indictment does deprive the trial court of jurisdiction to hear the case. "When a material element is omitted from an indictment a conviction is due to be vacated and jurisdictional issues are not subject to waiver and may be raised at any time. See Ex parte Harper, 594 So.2d 1181 (Ala.1991)." Poole v. State, 846 So.2d 370, 387 (Ala.Crim.App.2001).
SHAW, Judge, concurring in part and dissenting in part from the rationale, and concurring in the result.
I concur to affirm Phelps's convictions for unlawful distribution of a controlled substance and for unlawful possession of a controlled substance. I also concur to remand this case to the trial court for it to impose a $2,000 fine for each count under § 13A-12-281, Ala.Code 1975, and to clarify whether it enhanced Phelps's sentence on the distribution count pursuant to § 13A-12-250, Ala.Code 1975. However, because the enhancement provision was not charged in the indictment charging Phelps with distribution, I do not believe that the enhancement can be applied in this case. See my special writing in Poole v. State, 846 So.2d 370, 389 (Ala.Crim.App.2001) (Shaw, J., concurring in the result). Therefore, although I would remand this case for clarification, I would instruct the trial court that if it determined on remand that it had enhanced Phelps's sentence on the distribution count pursuant to § 13A-12-250, then it should resentence him without the enhancement.
In addition, I note that, like Judge Cobb, I too am aware of the United States Supreme Court's opinion in United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). However, after carefully reading that opinion, I do not find it to control the issues I addressed in my special writing in Poole.
NOTES
[1] The court reporter referred to Weaver as Lisa Michele Lake. Most of the witnesses referred to her as Lisa Weaver. Weaver testified that she had also used the names Lisa Hyche, Lisa Barger, and Lisa Levins. We refer to her as "Weaver" in this opinion.
[2] Should the circuit judge decide it appropriate under the facts of this case, the amended § 15-18-8(a)(1), Ala.Code 1975, allows him the discretion to impose and then suspend the sentence enhancements under § 13A-12-250, Ala.Code 1975. See, e.g., Soles v. State, 820 So.2d 163, 164-65 (Ala.Crim.App.2001).
[*] Note from the reporter of decisions: On November 14, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.