BASCHAB, Judge.
Pursuant to a negotiated agreement, the appellant, Charles Nicholas Turner, pled guilty to unlawfully breaking and entering a vehicle, a violation of § 13A-8-ll(b), Ala. Code 1975. The trial court sentenced him, as a habitual offender, to serve a term of 15 years in prison. See § 13A-5-9(c)(l), Ala.Code 1975. It then split the sentence and ordered him to serve 36 months in prison followed by 60 months on supervised probation. The appellant did not file any post-judgment motions. This appeal followed.
Appellate counsel filed a brief and a motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that she had not found any non-frivolous issues to raise on appeal. The appellant did not file any pro se issues for our consideration.
However, our examination of the record reveals that the appellant was indicted for one count of first-degree theft of property, two counts of third-degree burglary, and one count of third-degree theft of property. The third-degree burglary charge in Count 2 of the indictment was amended by agreement to charge unlawfully breaking and entering a vehicle, and the appellant pled guilty to that charge.[1] Count 2 of the indictment alleged that the appellant
“did knowingly enter or remain unlawfully in a building of Monica Turner with intent to commit a crime therein, to-wit: theft, in violation of Section 13A-7-7 of the Code of Alabama....”
(C.R.4.)
“A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.”
§ 13A-7-7(a), Ala. Code 1975.
“A person commits the crime of unlawful breaking and entering a vehicle if, without the consent of the owner, he breaks into and enters a vehicle-or any part of a vehicle with the intent to commit any felony or theft.”
§ 13A-8-ll(b), Ala.Code 1975. The commentary to § 13A-8-11, Ala.Code 1975, states:
“In 1979, the legislature added the crime of unlawful breaking and entering a vehicle, subsection (b), which essentially re-instates the former offense of burglary of motor vehicles, former § 13-2-42. Since burglary under the Criminal Code is technically concerned only with the unlawful entering or remaining in buildings and dwellings, none of those degrees cover the illegal entry of vehicles in general. Also, burglary no longer requires proof of a breaking — only an entry. Hence, while a related crime, the conduct here proscribed is not a lesser included offense of any degree of burglary.”
(Emphasis added.) Even though the appellant agreed to amend the indictment to charge unlawfully breaking and entering a vehicle, unlawfully breaking and entering a vehicle is not a lesser included offense of third-degree burglary. A defendant cannot properly consent to amending an indictment to charge an offense that is not a lesser included offense of the indicted offense. See Scott v. State, 742 So.2d 799 (Ala.Crim.App.1998); Green v. State, 619 So.2d 952 (Ala.Crim.App.1993); Ross v. State, 529 So.2d 1074 (Ala.Crim.App.1988); Rule 13.5(a), Ala. R.Crim. P. Therefore, the trial court did not have jurisdiction to accept the appellant’s guilty plea to unlaw *164 fully breaking and entering a vehicle, and that court’s judgment is void. See Glover v. State, 649 So.2d 216 (Ala.Crim.App.1994); Ross, supra. The conviction and sentence that resulted from the guilty plea are a nullity and are hereby vacated. Finally, “[bjecause the trial court’s actions were void, there is no judgment to support an appeal.” Carpenter v. State, 782 So.2d 848, 850 (Ala.Crim.App.2000). Accordingly, we vacate the trial court’s judgment and dismiss this appeal.
JUDGMENT VACATED; APPEAL DISMISSED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. The remaining counts in the indictment were nolle prossed.