SHAW, Judge,
dissenting.
Although Bradley Neal Steele pleaded guilty in this case to trafficking in marijuana, a violation of § 13A-12-231(1), Ala. Code 1975, pursuant to a plea agreement with the State, the mandatory fines in § 13A-12-281, Ala.Code 1975, and § 36-18-7(a), Ala.Code 1975, were not part of that agreement and were not imposed as part of his sentence. Ex parte Johnson, 669 So.2d 205 (Ala.1995), and Scott v. State, 742 So.2d 799 (Ala.Crim.App.1998), relied on by the majority in reaching its conclusion that this case should not be remanded for the imposition of the mandatory fines, deal solely with the specific enforcement of a valid plea agreement calling for a legal sentence. In both of those cases, the enhancements that were not part of the plea agreements— §§ 13A-12-250 and 13A-12-270, Ala.Code 1975, in Ex parte Johnson, and § 13A-5-9, Ala. Code 1975 (the Habitual Felony Offender Act (“HFOA”)), in Scott — are not self-executing enhancements. The HFOA must be invoked before it is legally applicable to a sentence, see, e.g., Ex parte Williams, 510 So.2d 135, 136 (Ala.1987) (“[I]n order to sentence a criminal defendant under the Habitual Felony Offender Act, the Act must be invoked prior to the defendant’s original sentencing.”), and the State must not only assert, but must properly prove the enhancements in §§ 13A-12-250 and 13A-12-270 before they are legally applicable to a sentence, see, e.g., White v. *817 State, 4 So.3d 1208 (Ala.Crim.App.2008) (refusing to remand for imposition of the sentence enhancements in §§ 13A-12-250 and 13A-12-270 where, although the enhancements were charged in the indictment, the State did not include any facts in the factual basis for the pleas to support imposition of the enhancements). In Ex parte Johnson and Scott, the enhancements in §§ 13A-12-250 and 13A-12-270 and the HFOA were not included by the State in the plea agreements and, thus, were waived by the State and were not applicable to the sentences in those cases.[1]
However, the fines in § 13A-12-281, Ala.Code 1975, and § 36-18-7(a), Ala.Code 1975, are self-executing, i.e., the State does not have to assert them before they are legally applicable to a sentence, and they have been treated by this Court as not only mandatory, but also jurisdictional, rendering a sentence illegal if they are not imposed. The Alabama Supreme Court did not hold in Ex parte Johnson, and this Court did not hold in Scott, that a defendant is entitled to specific enforcement of a plea agreement calling for an illegal sentence. Indeed, it appears that that particular issue has never been specifically addressed by the Alabama Supreme Court. However, this Court has held that “[a] trial court cannot accept a plea agreement that calls for an illegal sentence.” Calloway v. State, 860 So.2d 900, 906 (Ala.Crim.App.2002) (opinion on return to remand and on second application for rehearing). See Moore v. State, 871 So.2d 106 (Ala.Crim.App.2003), and Austin v. State, 864 So.2d 1115 (Ala.Crim.App.2003). See also State v. Cortner, 893 So.2d 1264, 1273 (Ala.Crim.App.2004) (“[W]e cannot uphold [a trial court’s] decision to order the specific performance of what is clearly an illegal agreement.”), and Warren v. State, 706 So.2d 1316, 1317 n. 3 (Ala.Crim.App.1997) (“[A] defendant cannot consent to a sentence that is beyond the authority of the court.”). Although there is a split in authority in other jurisdictions as to whether specific performance of a plea agreement is the proper remedy for a defendant who pleads guilty pursuant to an agreement that calls for an illegal sentence, see, e.g., People v. Caban, 318 Ill.App.3d 1082, 743 N.E.2d 600, 252 Ill.Dec. 732 (2001), and State v. Parker, 334 Md. 576, 640 A.2d 1104 (1994), and the cases cited therein, it appears to me that the remedy in Alabama in a case in which the plea agreement is invalid because it calls for an illegal sentence is not specific performance, but to allow the defendant to withdraw his or her plea.
Because the fines in § 13A-12-281 and § 36-18-7(a) are mandatory and jurisdictional, the sentence in this case is illegal, and this Court must take notice of that and remand the ease for imposition of the fines. By not doing so — and instead holding that Steele is entitled to specific enforcement of the plea agreement — the majority is implicitly holding that the failure *818 to impose the fines in § 13A-12-281 and § 36-18-7(a) does not render a sentence illegal, i.e., that the fines are not jurisdictional and, thus, that this Court cannot, from this point forward, take notice of the failure of a trial court to impose them in any case. I cannot agree with that holding in light of this Court’s previous treatment of the fines as jurisdictional. This Court should be consistent in its treatment of the fines. The fines are either jurisdictional or they are not. This Court has consistently treated the fines as jurisdictional in the past; thus, they must be treated as jurisdictional in this case. I would remand this case to the trial court for it to impose the fines and then to allow Steele an opportunity to withdraw his plea if he so chooses. Therefore, I respectfully dissent.
WELCH, J., concurs.

. Of course, once the HFOA is invoked and it is clear from the record that the defendant has one or more prior convictions, the HFOA then becomes jurisdictional and this Court must take notice of the trial court's failure to apply it. See, e.g., Ingram v. State, 878 So.2d 1208 (Ala.Crim.App.2003) (where State gave notice of intent to invoke the HFOA and the record established that the defendant had at least five prior felony convictions, remand was required for trial court to resentence defendant under the HFOA). Likewise, once the State provides notice and properly proves the enhancements in §§ 13 A-12-250 and 13A-12-270, they also become jurisdictional and this Court must take notice of the trial court's failure to apply them. See, e.g., Phelps v. State, 878 So.2d 1202 (Ala.Crim.App.2002) (once State gave notice of its intent to seek enhancement under § 13A-12-250, Ala.Code 1975, and presented evidence of the applicability of the enhancement, remand was required for trial court to impose the enhancement).